■ In the Matter of Dominick Minerva, Appellant, v Benjamin Ward, as Commissioner of the Correction Department of the City of New York, et al., Respondents. — Order and judgment (one paper) of the Supreme Court, New York County (Norman C. Ryp, J.), entered on April 7, 1983, which dismissed petitioner's application pursuant to CPLR article 78, is affirmed, without costs or disbursements. ¶ Policy and Procedure Directive No. 2252, as promulgated by the Department of Correction of the City of New York, provides for a perfect attendance certificate to be conferred upon a member of the Department "who possesses an attendance record of no absences or latenesses for each one (1) year period." Petitioner, a correction officer, took a promotional examination on February 14, 1981. According to the notice of examination, a credit would be given to those successful who received a departmental perfect attendance award for the fiscal years ending June, 1978, June, 1979, and June, 1980. Petitioner passed the examination and received a credit for perfect attendance

for the year ending June, 1980. His request for a credit for the year ending June, 1978 was denied on the ground that he had been on sick leave from November 16, 1977 to December 7, 1977. Petitioner subsequently instituted this article 78 proceeding to challenge the administrative determination, contending that since his only absence that year was due to a line-of-duty injury, he was entitled to the additional attendance credit. However, the law is clear that a court may not disturb an administrative decision unless the agency's action was arbitrary and capricious, in violation of lawful procedures or made in excess of its jurisdiction. (*Matter of Pell v Board of Educ.*, 34 NY2d 222.) In the instant situation, there is no indication whatever that respondent failed to apply Directive No. 2252 in a reasonable manner and that, therefore, its determination lacked a rational basis. Consequently, Special Term properly dismissed the petition. Concur — Sullivan, Silverman, Milonas and Kassal, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and remand for a hearing. ¶ The petitioner seeks 1% credit on the candidate eligibility list for promotion to the rank of captain in the Department of Correction of the City of New York. ¶ The Department has a Policy and Procedure Directive No. 2252 to the effect that if a member has a perfect attendance record for a year, the credit is granted. The petitioner qualified for a record of perfect attendance for the year ending June, 1980, but was denied it for the year ending June, 1979 because he had been out for three weeks due to a line-of-duty injury. He contended that because the absence was not his fault, he should be considered to have a perfect attendance record. The Department presented the matter to its Committee on Uniformed Personnel, which determined that to grant any exception would be subject to abuse. There is no contention that the absence was due to other than line-of-duty injury, and further it is conceded that the petitioner received workers' compensation for the injury. ¶ I would reverse on the basis that the directive and its interpretation are arbitrary and capricious and "without sound basis in reason". (See *Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483, 488.) The effect of it is to grant a bonus to a member who appears in body and to deny it to one who by reason of dedicated service is injured in the line of duty. To sustain such a ruling is the equivalent of denying that there is balm in Gilead (Jeremiah 8:22). ¶ The reason for remanding for a hearing is to allow the Department to pursue the question of whether the three weeks were necessary and proper for the purported injury. If there is malingering, then the approach would have a rational basis.