OPINION OF THE COURT
Norman C. Ryp, J.
This is a CPLR article 78 proceeding in which petitioners, Phil Caruso and the Patrolmen’s Benevolent Association of the City of New York, Inc., seek to annul respondents’ (Benjamin Ward, the Police Department of the City of New York and the City of New York) new administrative policy effective May 24, 1988, limiting the number of pistols and/or revolvers a retired New York City police officer may have on his or her *6 carry license to two. For the reasons stated hereinbelow, petitioners’ application is denied.
A. FACTS
Petitioner, Phil Caruso, is the president of petitioner Patrolmen’s Benevolent Association of the City of New York which is the duly recognized bargaining agent for all members of the New York City Police Department having the rank of police officer. Respondent, Benjamin Ward, is the duly appointed Police Commissioner of the City of New York and oversees the functions and is responsible for execution of all rules and regulations of respondent Police Department of the City of New York. (See, NY City Charter § 434.) One of respondent Ward’s duties is to supervise the issuance of pistol or revolver permits for all persons residing in, visiting or traveling through New York City (see, Administrative Code of City of New York § 10-131; Penal Law § 400.00). Respondent Police Department has a subdivision known as the Pistol License Division which is responsible for receiving and processing pistol license applications. This division ultimately grants or denies such applications.
An active New York City police officer is permitted to be armed with pistols and/or revolvers by virtue of their job assignments. When a police officer retired in good standing prior to the implementation of the new policy on May 24, 1988, he or she was permitted to own, maintain, carry and possess, without any restrictions, any number of pistols and/or revolvers.
The new policy, issued by respondent’s commanding officer, Licensing Division, implemented May 24, 1988, reads as follows: "Effective immediately, retiring Members of the Service shall be allowed to list no more than two (2) firearms on their Carry Licenses. Should such member express a desire to have more than two (2) firearms licensed, he/she shall be required to submit a Target/Premises application.”
On August 24, 1988, petitioners commenced subject CPLR article 78 proceeding to challenge this new policy.
b. parties’ contentions
In support, petitioner contends that this new policy is arbitrary and capricious and an abuse of administrative discretion by respondents. Petitioner further argues and submits that the new policy interferes with the rights of retired police officers to possess any desired number of pistols and/or revolv *7 ers and constitutes a new administrative policy in sharp contrast and deviation from past policy, practice or usage.
In opposition, respondents contend that the new policy is rational and reasonable, not in violation of any State or Federal law or Constitution, is based upon an effort to stem gun thefts, crimes committed with guns and to control the number and identity of handguns carried on the streets of New York City. Respondents further state that the new policy does not infringe on any rights of the retired police officers to collect, buy or sell guns. Finally, respondents submit petitioners have failed to specifically advance a valid cause or reason to justify allowing retired police officers to carry an unlimited number of concealed weapons on their persons.
c. ANALYSIS
This court can only overturn an administrative decision or policy where that decision or policy is arbitrary and capricious or an abuse of discretion. (See, Matter of Minerva v Ward, 101 AD2d 754 [1st Dept 1984]; affd 63 NY2d 739 [1984]; Matter of McKernan v City of New York Civ. Serv. Commn., 127 Misc 2d 946 [Sup Ct, NY County 1985], mod 121 AD2d 350 [1st Dept 1986].)
The new policy limiting the number of pistols and/or revolvers a retired police officer may have on his or her carry license is neither arbitrary nor capricious. The respondent instituted this new policy to attempt to stem gun thefts and crimes in the City of New York. Further this is not an abuse of discretion by respondent because the New York City Police Commissioner is responsible for regulating the issuance of licenses for firearms within the City of New York. (See, Administrative Code § 10-131; Penal Law § 400.00.)
Petitioner’s claim that the new policy will interfere with a retired police officer’s right to own, maintain or possess pistols and/or revolvers is meritless. A retired police officer is subject to the same rules and regulations for ownership of firearms within the City of New York as any other citizen. The new policy does not limit the number of pistols and/or revolvers a retired police officer may own, maintain or possess, it merely limits, to two, the number he or she may select and list on his or her carry license and carry on his or her person. In addition, respondent states that a retired police officer may change the pistols and/or revolvers listed on his or her carry license at any time without cost or charge.
*8 D. CONCLUSION
For the foregoing reasons petitioner’s application and petition to annul respondent’s new policy limiting a retired police officer to two pistols and/or revolvers on his carry license is dismissed.