In the Matter of ANTHONY J. DELICATI, Respondent, against JOSEPH SCHECHTER, as Chairman of the City Civil Service Commission, et al., Appellants.

First Department, December 18, 1956.

20

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellants.

*Allen S. Stim* of counsel (*Albert Felix,* attorney), for respondent.

BREITEL, J. Petitioner, a police eligible, brought this proceeding under article 78 of the Civil Practice Act, to require the City Civil Service Commission to recertify his name for appointment as a patrolman in the Police Department of the City of New York, and to require the police commissioner of the City of New York to appoint petitioner forthwith to the position of probationary patrolman.

It is averred in the petition that the police commissioner acted arbitrarily and capriciously in passing over petitioner's name and appointing other eligibles standing in lower positions on the list. Conceded by the answer to the petition is that the police commissioner passed over petitioner's name when certified for appointment on three occasions. This resulted, under the rules of the City Civil Service Commission (rule V, § VII, subd. 1), in the dropping of petitioner's name from any further certifications to the appointing officer. The police commissioner and the City Civil Service Commission assigned no reason, in this proceeding against both, except the determination made in the exercise of discretion, in declining to appoint petitioner.

Special Term directed that petitioner's application be granted to the extent of directing a trial of the issue of fact as to the arbitrary and capricious nature of the police commissioner's act. The matter came on for trial before an Official Referee, before whom petitioner presented evidence that his character

and record were unblemished and that he was otherwise eligible and qualified. The municipal authorities rested on this proof, and moved to dismiss, asserting that the police commissioner was not obliged to explain or justify his exercise of discretion. On this record, the Official Referee annulled the determination of the police commissioner and remitted the matter to him for appropriate action, that is, to reconsider the appointment of petitioner as a probationary patrolman in the Police Department of the City of New York.

The municipal authorities appeal, urging that the disposition at Special Term is in violation of the constitutional and statutory power in an appointing official to make appointment in his discretion from among eligibles certified to him. The order should be reversed and the petition dismissed.

It is not now questioned, that an appointing officer, under the existing civil service system, has a nonreviewable discretion to make appointments, otherwise within his capacity, from among eligibles certified to him by the civil service commission. (*Matter of Berger* v. *Walsh*, 291 N. Y. 220.) The provisions of the State Constitution, the statutes, and the rules, requiring that appointments be made from among qualified people, pursuant to competitive examination whenever practical, are not intended to dictate the selection by appointing officials, but to limit the group from which the selection may be made to those who are qualified. (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32; N. Y. Const., art. V, § 6; art. IX, § 8; New York City Charter, §§ 434, 884.)

Given this view of the law, it follows that the police commissioner is not obliged to appoint an otherwise qualified eligible merely because there is not presented, as to the eligible, a cognizable objection in law or reason. It suffices to sustain the appointing officer's action, if there is no evidence to indicate that he has acted illegally, arbitrarily, or capriciously.

What evidently has engendered some confusion are recent holdings, in which it appeared from the record that the appointing officer had based his asserted exercise of discretion on grounds suggesting that they were either illegal or arbitrary. These holdings turned on the principle that not every choice exercised under a power of discretion is actually a choice made within discretion.

In *Matter of Maynard* v. *Monaghan* (284 App. Div. 280), this court had before it a probationary policeman discharged by the police commissioner, not for unsatisfactory performance of his duties, nor for post-appointment discovery of matters properly

reflecting upon his record or background; but because, in the remote past, it had been shown that he had signed a nominating petition for a candidate of the Communist party. This fact had been known to the City Civil Service Commission before the petitioner in that case had been certified to the police commissioner for appointment. Moreover, there was nothing to show that his signature to the nominating petition was any more than an isolated action. This court held that a trial should be had of the issue of fact as to the arbitrary and capricious nature of the commissioner's action. In so doing, however, it pointed out (p. 283) that "We agree that the appointing officer has a broad degree of discretion in determining whether to make probationary appointees of permanent rank, but do not find that it is 'unlimited'". The distinction was then made even clearer by the following language: "This does not mean, however, that mere suspicion of possible subversive tendencies will justify rejection of an appointee. Neither does it mean that the police commissioner must be able to produce proof sufficient to convict the appointee of subversion or show his guilt of other misconduct beyond a reasonable doubt. It merely requires that the appointing officer exercise his discretion in good faith upon evidence that would satisfy a reasonably prudent police commissioner that the applicant's record is unsatisfactory." (P. 283.) Significant in the case was the fact that the court was concerned with a probationary patrolman, who had been dismissed from his probationary position, rather than an eligible seeking appointment.

Later, again, there arose *Matter of Hamilton* v. *Monaghan* (285 App. Div. 692, affd. 1 N Y 2d 877). This case paralleled the *Maynard* case (*supra*) in involving a prior, but remote, history of signing a nominating petition for a candidate of the Communist party. But this time it was an eligible whose appointment as a probationary patrolman had been refused by the police commissioner. In that particular the case is precisely like the one now before us. But what is eminently different is the circumstance in the *Hamilton* case that the record showed, indubitably, that Hamilton was not even being considered for appointment because of the prior history, which, this court, in the *Maynard* case, in a parallel situation, had pointed out was an insufficient basis for drawing a rational inference that the person involved was even a suspect subversive. These circumstances appeared from Hamilton being singled out from among his fellow eligibles, when the men were receiving preliminary physical examination and interview, in the interval prior to

being interviewed for actual selection. This court, consequently, held that it clearly appeared that an issue of fact was raised whether the police commissioner had acted arbitrarily and capriciously, and remanded the matter for a trial to resolve. In doing so, this court said: '' While it may be that we are not empowered to direct the police commissioner to make an appointment (*Matter of Berger* v. *Walsh,* 266 App. Div. 592, mod. 291 N. Y. 220), nevertheless we feel that as in the *Maynard* case a hearing should be had to resolve the question as to whether, in fact, in refusing to appoint the respondent the commissioner acted in the exercise of his discretion — broad as it may be — or acted in a matter which was arbitrary or capricious. In the latter event, the matter could then be remitted once again to the commissioner for him to reconsider his prior action. While he would not be obligated to appoint petitioner, we may assume that his reconsideration will be free from the use of improper elements.'' (P. 694.) This determination was affirmed in the Court of Appeals.

Thus, these cases do not purport to encroach on the power of appointing officials to exercise their discretion, so long as it appears that there is an exercise of discretion. The courts have always distinguished between discretion and arbitrary power. While, as a factual matter, it may sometimes be difficult, or even impossible, to distinguish the application of one from the application of the other, the courts have never hesitated to strike down the illegal or the arbitrary, and will not permit the exercise of arbitrary power to seek shelter under the rubric of exercise of discretion. (*Matter of Schwab* v. *McElligott,* 282 N. Y. 182, 186–187; *Matter of Guardian Life Ins. Co.* v. *Bohlinger,* 308 N. Y. 174, 183.)

In the present case there is nothing, whatsoever, which indicates or suggests the exercise of illegal or arbitrary power by the police commissioner. In saying this, it is held, within the context of cases involving civil service appointment, that the failure to provide particulars or a specification of reasons for the exercise of discretion in declining an appointment is not evidence of arbitrariness or capriciousness.

But the view is adhered to, that if a petitioner may establish, from whatever source, that in fact an irrational, and therefore, an arbitrary and capricious, basis was used by an appointing official in declining appointment, or, as in the *Hamilton* case, in refusing even to consider the eligible for appointment, the court will remand the matter to the appointing officer for appropriate reconsideration, although it may not, and should not, direct the

appointment of the eligible in question. The affirmance in the Court of Appeals, without opinion by the majority, in the *Hamilton* case, is construed to support this analysis, insofar as it sustained the direction to remand the matter for taking proof whether the police commissioner in that case had acted arbitrarily or capriciously.

In accord with this reasoning was our recent decision in *Matter of Nathanson* (1 A D 2d 823). In that case, the petition showed that there existed two possible grounds for the commissioner's action in passing over the name of the petitioner, who was a police eligible. One of the grounds was bad, within the precise holdings of the *Maynard* and *Hamilton* cases (*supra*). The other possible ground was one that would reasonably support the commissioner's action. This court reversed the order of Special Term directing a trial and inquiry into the reasons for police commissioner's action, and dismissed the petition. That conclusion followed from the basic principle that, so long as there was any reasonable basis for the commissioner's exercise of discretion, there was no warrant for judicial action. (Cf. *Matter of Machiano* v. *Adams,* 286 App. Div. 1007.)

The point is urged that all the commissioner need do, to avoid review of illegal or arbitrary action, is to remain silent and avoid giving evidence of his mental operation by word or act. That may be. But overlapping public policies must be accommodated.

Under long-standing principles of law, this court must presume, until the contrary is shown, that public officers vested with discretionary power exercise their power consistent with their fiduciary obligation to their particular governmental unit and to the people in general. By the very act of granting, within constitutional limits, a particular public officer a nonreviewable discretionary power, the Legislature indicates its willingness to accept the risk of unprovable arbitrary action in order to seek the accomplishment of the objectives of the grant of that discretionary power. (*Matter of Sheridan* v. *McElligott,* 278 N. Y. 59.) When the Legislature is no longer willing to accept that risk, it may remove the mantle of nonreviewability from administrative action. (Cf. L. 1955, ch. 661, adding subd. 5-a, Civ. Prac. Act, § 1296.)

On the foregoing analysis, to require an appointing officer to justify his refusal to appoint, without evidence of illegality or arbitrariness, would, in violation of Constitution and statute, convert the privilege of an eligible to be considered for appointment into a presumptive right to be appointed, and the exercise

of nonreviewable executive discretion into a reviewable quasi-judicial determination. That may not be.

Accordingly, the order of Special Term should be reversed, and the petition dismissed, without costs.

PECK, P. J., COX, FRANK and VALENTE, JJ., concur.

Order unanimously reversed and the petition dismissed.