## (October 17, 1983)

■ MARGARET ANDERSON et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* compel appellants to reclassify petitioners to the highest salary step in their respective grades, the appeal is from so much of an order of the Supreme Court, Suffolk County (De Luca, J.), dated January 12, 1983, as denied appellants' motions to dismiss the proceeding, converted the special proceeding into a plenary action for money damages governed by a six-year Statute of Limitations, and determined that petitioners were not required to exhaust grievance procedures under the various collective bargaining agreements. Order modified, on the law, by deleting the third decretal paragraph and so much of the second decretal paragraph as denied the Suffolk County Chapter of the Civil Service Employees Association's (CSEA) motion to dismiss the proceeding and substituting therefor a provision dismissing the proceeding as against CSEA. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Petitioners were employed by the County of Suffolk prior to January 1, 1977 and received promotions to higher grades prior to January 1, 1980 and prior to reaching the highest salary steps in their old grades. By verified petition dated May 26, 1981, petitioners commenced the instant proceeding, in which they alleged, *inter alia,* that the County of Suffolk, the Suffolk County Executive, the Suffolk County Legislature, the Suffolk County Director of Personnel and Labor Relations and the Suffolk County Chapter of the Civil Service Employees Association created and maintained a compensation system whereby employees in petitioners' position occupied lower steps of

the salary schedule, after receiving promotions prior to January 1, 1980, than other employees who were promoted to similar grades and positions after that date. Petitioners asserted that these salary inequities violated the "equal pay for equal work" policy enunciated in section 115 of the Civil Service Law and the statement of policy in the "Rules for the Administration of Classification and Salary Plans" as amended by Suffolk County Resolution No. 919-1977, as well as the equal protection clauses of the Constitution of the United States (US Const, 14th Amdt, § 1) and the Constitution of the State of New York (NY Const, art I, § 11). The petition sought, *inter alia,* a judgment (1) ordering the county to reclassify petitioners retroactively to the highest salary step in their respective grades occupied by other county employees performing the same or similar services and (2) awarding petitioners retroactive salary increases resulting from such a reclassification. The disparities in the salaries paid to petitioners and other employees who were subsequently hired and promoted and who occupied the same or similar positions, resulted from the dual system of assigning promoted employees to salary steps in their new grades pursuant to subdivision 4.01 of rule IV of the "Rules for the Administration of Classification and Salary Plans" as amended by Suffolk County Resolution No. 919-1977. This rule provides in pertinent part: "An employee hired prior to January 10, 1977 who is promoted to a position in a higher salary grade will be advanced to the minimum of the new grade or, if his current salary is at or higher than the new minimum, he shall be advanced to the next higher step than his current salary provided that his increase amounts to not less than 5%. An employee hired on or after January 10, 1977 who is promoted to the position in a higher salary grade shall be advanced to the salary rate of that grade appropriate to the salary schedule authorized for that calendar year." Special Term erroneously invoked CPLR 103 (subd c) to convert the proceeding into a plenary action for money damages governed by the residual six-year Statute of Limitations in CPLR 213 (subd 1). Petitioners properly brought this action as a proceeding pursuant to CPLR article 78, governed by the four-month Statute of Limitations in CPLR 217, based upon the substance of their claims and the relief sought (see *Solnick v Whalen,* 49 NY2d 224, 229-230). A proceeding pursuant to CPLR article 78 is an appropriate vehicle for a constitutional challenge to the administrative regulations at issue (see *Press v County of Monroe,* 50 NY2d 695; *Matter of Abrams v Bronstein,* 33 NY2d 488; *Matter of Zavarella v Swayze,* 90 AD2d 600; *Matter of Johnson v Blum,* 83 AD2d 731, app dsmd 55 NY2d 825, mot for lv to app dsmd 55 NY2d 1036). The primary relief sought by petitioners is an order directing the county to reclassify their salary steps within their respective grades, and their demand for retroactive salary payments is incidental to this primary relief (see CPLR 7806). This proceeding is not barred by the Statute of Limitations set forth in CPLR 217, as it was brought within four months after January 27, 1981, when the office of "Personnel and Labor Relations" refused to reconsider a challenge to the salary inequities within the framework of the grievance procedure contained in the collective bargaining agreements. Nor is this proceeding barred by the requirement that petitioners exhaust the administrative remedies provided for in the collective bargaining agreements and by the county government (see CPLR 7801, subd 1). Petitioners have diligently, but unsuccessfully pursued their remedies through contractual grievance procedures. The CSEA has represented several individual petitioners in two grievance proceedings, each of which resulted in determinations that the challenged salary inequities did not violate the collective bargaining agreements. Moreover, a hearing before the "Classification and Salary Appeals Board" established pursuant to the county rules for the administration of the classification and salary plans would be futile, since petitioners raise a constitutional

challenge to the regulations which that body would follow in determining whether petitioners are entitled to a reclassification (see *Matter of Johnson v Blum, supra; Matter of Milburn v McNiff,* 81 AD2d 587). Petitioners have presented sufficient allegations to make out a claim that salary inequities created by the regulations regarding promotions violate the equal protection clauses of the Federal and State Constitutions (see *Weissman v Evans,* 56 NY2d 458; *Matter of Abrams v Bronstein, supra*). The causes of action involving the CSEA, however, must be dismissed as petitioners have failed to set forth sufficient allegations of a breach of the duty of fair representation by that labor organization. In *Ford Motor Co. v Huffman* (345 US 330, 338) the Supreme Court of the United States concluded: "A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion". CSEA cannot be held liable for breach of the duty of fair representation merely on account of the fact that petitioners received lower salaries than similarly situated employees, absent any showing that the actions of that labor organization were responsible for these inequities or that it acted in bad faith toward petitioners (see *Anderson v AMBAC Ind.,* 40 NY2d 865; *Bloomfield Non-Teaching Employees Assn.,* 13 PERB par 4537; *Auburn Administrators Assn. [Bovi],* 11 PERB par 4529; *Plainview-Old Bethpage Cent. School Dist.,* 7 PERB par 3058). The salary inequities affecting employees who received promotions resulted from county rules, in which CSEA played no apparent role. Additionally, CSEA made good-faith efforts on petitioners' behalf to correct the salary disparities through both the collective bargaining process and the grievance procedure. Thus, the proceeding is dismissed as against CSEA. We have considered the remaining contentions raised by appellants and find them to be without merit. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.