■ In the Matter of PATRICK McKERNAN, Respondent, v CITY OF NEW YORK CIVIL SERVICE COMMISSION et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County (Norman C. Ryp, J.), entered on or about April 8, 1985, which granted petitioner's CPLR article 78 petition, directed the respondent to schedule and conduct a makeup examination for the position of lieutenant firefighter, and ordered that firefighters who successfully complete the examination shall be given retroactive seniority to October 31, 1981 and retroactive pay to August 1982, unanimously modified, on

the law and the facts, to grant retroactive seniority and back pay to petitioner effective as of the date he would have been promoted to lieutenant firefighter had he taken and passed the exam on October 31, 1981, and otherwise affirmed, without costs.

Petitioner firefighter Patrick McKernan, who was eligible to take the examination for the position of lieutenant scheduled for October 31, 1981, was prevented from taking the exam on that date because he was on medical leave for a "line-of-duty" physical injury, as were approximately 70 other firefighters. The New York City Department of Personnel granted petitioner's request for a makeup examination (to which he was entitled pursuant to the Department's Rules and Regulations § 4.4.5 [c]), but never scheduled such an examination. In May and June 1982, petitioner and the other firemen who were entitled to take the makeup examination were administered the oral portion of said test. However, at that time petitioner was advised that the written portion would not be given until "the next regular examination", which would not be scheduled until October 1985 at the earliest. Despite repeated requests by petitioner and the Uniformed Firefighters Association to schedule a makeup examination at an earlier date, the Department of Personnel issued a written determination denying the request and the Civil Service Commission denied petitioner's appeal of that decision.

Thereafter, petitioner brought this article 78 proceeding to review the Civil Service Commission determination, and Special Term granted the petition, finding the four-year delay in scheduling the makeup examination to be unreasonable. Special Term also directed that petitioner be granted seniority retroactive to October 31, 1981, the date of the original examination, and back pay retroactive to August 1982, when the eligible list of those who passed the original examination was compiled.

Although respondents-appellants have raised the issue of whether Special Term had the authority to order that a makeup examination be given by a specified date, it is conceded that such issue has been rendered moot by the fact that the makeup examination has, in fact, been held and passed by petitioner.

As to the issue of retroactive seniority, the appellants concede that such seniority should be granted to petitioner, or any similarly eligible candidate who is actually promoted from the makeup examination list, but they argue, and petitioner concedes, that the retroactive seniority should accrue as of the

date petitioner would have been promoted had he taken the original exam, and not as of the date of the original exam itself, as was ordered by Special Term, and we modify the order accordingly.

The question of retroactive back pay is the one issue which remains sharply contested. While appellants contend that petitioner has no legal right to any back pay, it appears that such an award is the appropriate remedy to make petitioner whole and rectify the consequences of delay in administering the makeup examination. The back pay does not constitute an award of monetary damages, but is, rather, incidental to the primary relief sought by petitioner, in that it restores him to the position in which he would have been had a prompt makeup examination been given so that he could timely have been promoted, if eligible. (CPLR 7806; *see, e.g., Anderson v County of Suffolk,* 97 AD2d 448.) However, back pay, as well, should equitably be granted only from the date petitioner would have been appointed had he taken the original examination, not the August 1982 date directed by Special Term. Concur—Kupferman, J. P., Sullivan, Ross, Fein and Ellerin, JJ. [127 Misc 2d 946.]