■ In the Matter of LAWRENCE ANDRIOLA et al., Respondents, v JUAN U. ORTIZ et al., Appellants, and WILLIAM BARRETT et al., Intervenors-Respondents.—Order and judgment (one paper), Supreme Court, New York County (Kristin Booth Glen, J.), entered October 31, 1991, which granted petitioners and intervenors seniority benefits and back pay, retroactive to the dates that they would have been promoted, if their promotional examinations had been correctly graded in the first instance, is unanimously affirmed, without costs.

Petitioners were New York City Firefighters when they instituted the instant CPLR article 78 proceeding to challenge the respondents' grading of twelve questions on promotional examination number 0511, given on October 31, 1981, for the position of Fire Department Lieutenant. After the examination was regraded a special eligible list was prepared, and those petitioners on active service were promoted. The other petitioners retired.

Thereafter, petitioners moved for retroactive back pay and seniority benefits, and were joined by intervenors, who were promoted from the revised list.

On appeal respondents contend that the "one in three rule", contained in Civil Service Law § 61, as well as in rule 4.7.1 of the Rules of the New York City Department of Personnel (59 RCNY Appendix A, 4.7.1) bars the award of retroactive benefits to the petitioners, upon the ground that such an award would undermine the discretionary power of the appointing authority. They further contend that the award to the intervenors is barred by the constitutional proscription against gifts of public funds.

Since the petitioners have all already been promoted, and those promotions were made pursuant to the long-standing practice and tradition of the Fire Department to promote in strict numerical order, rather than by use of the "one in three

rule", the award of retroactive benefits will not interfere with the discretionary power of the appointing authority. The relief granted simply places the petitioners who had not retired in the same position that they would have been in if the examination had been correctly graded in the first place *(see, Matter of McKernan v City of N. Y. Civ. Serv. Commn.,* 121 AD2d 350, 352, *lv denied* 69 NY2d 607). "[P]etitioners are not asserting a right to be appointed but a right to equal benefits upon appointment." *(Matter of Abrams v Bronstein,* 33 NY2d 488, 493, n 6.)

We agree with the IAS Court that equal protection entitles the intervenors to the same retroactive relief as has been awarded to the petitioners, and the retired petitioners the relief granted to them. The relief properly places them, as nearly as possible, in the position they would have been had the test been properly graded in the first instance *(Matter of Abrams v Bronstein, supra).*

We have examined the respondents' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.