(April 1, 1993)

■ In the Matter of BENJAMIN SOTTILE, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [595 NYS2d 473] —Judgment of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on December 10, 1991, which granted respondents' cross-motion to dismiss the petition, is unanimously reversed, on the law, and the petition is granted, without costs.

In 1985, petitioner, a New York City police lieutenant, successfully completed the first two parts of a three part test for promotion to the rank of captain. On May 20, 1985, he was provisionally appointed to the rank of captain. On June 29, 1985, he took the third part of the test, which is called the "oral interactive test", and was thereafter notified that he failed the third part. He was demoted to lieutenant on August 16, 1985.

Thereafter, petitioner sought administrative review, and a hearing was scheduled to be held in November 1985. That hearing was adjourned and no new date was scheduled until some time in March of 1990. As a result of this hearing, petitioner was promoted to the rank of captain and informed that the earlier demotion was the result of a grading error on the "oral interactive test", taken on June 29, 1985.

It was error for the Motion Court to dismiss the petition. We are not persuaded that the "one of * * * three" requirement of Civil Service Law § 61 (1) has any applicability here inasmuch as it is undisputed that all who took the test with appellant and passed were promoted. The conclusion is inescapable that appellant's promotion to the provisional rank of captain would have been made permanent had respondent not erred in grading the third portion of the test.

Nor can we agree with the Motion Court's view that *Matter of Cassidy v Municipal Civ. Serv. Commn.* (37 NY2d 526) mandates dismissal. *Cassidy* held that the highest scorer in a competitive examination did not have a right to appointment to the position because test scores are not the only factor in civil service promotion. In *Cassidy,* the position was awarded to the person with the second highest score.

This record presents a substantially different issue, that is more comparable to *Matter of McKernan v City of N. Y. Civ. Serv. Commn.* (121 AD2d 350, *lv denied* 69 NY2d 607). In *McKernan,* petitioner and 70 other firefighters were prevented from taking the exam for lieutenant because they were on medical leave for line of duty injuries. The Department declined to offer another opportunity to take the test until the next regular examination four years later. The petitioners in *McKernan* obtained an order from Supreme Court in a CPLR article 78 proceeding directing the Department to schedule a new test. We affirmed and ordered back pay and seniority from the date petitioners would have been *so* entitled had they taken and passed the earlier test.

Here, the Police Department adjourned appellant's hearing originally scheduled for November of 1985, and failed to reschedule a hearing until March of 1990. It is undisputed that respondent erred in grading the third portion of the exam. Had a prompt hearing been conducted, the error could have been corrected and petitioner made whole. Under these circumstances, petitioner is entitled to back pay and seniority from the date of his erroneous demotion, August 16, 1985. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.