82 N.Y.2d 320 (1993)
624 N.E.2d 667
604 N.Y.S.2d 530
In the Matter of Lawrence Andriola et al., Respondents,
v.
Juan U. Ortiz, as City Personnel Commissioner, Department of Personnel, and as Chairman of the Civil Service Commission of the City of New York, et al., Appellants. William Barrett et al., Intervenors-Respondents.
Court of Appeals of the State of New York.
Argued October 14, 1993.
Decided November 18, 1993.
O. Peter Sherwood, Corporation Counsel of New York City (Ronald E. Sternberg and Leonard Koerner of counsel), for appellants.
Colleran, O'Hara & Mills, Garden City (John F. Mills and Carol L. O'Rourke of counsel), for respondents.
Chief Judge KAYE and Judges SIMONS, HANCOCK, JR., BELLACOSA and SMITH concur with Judge LEVINE; Judge TITONE dissents in part in a separate opinion.
*322 LEVINE, J.
Petitioners and intervenors were New York City firefighters when petitioners brought the instant CPLR article 78 proceeding challenging respondents' grading of 12 questions on a promotional examination for the position of Fire Department Lieutenant given October 31, 1981. Pursuant to the order of Supreme Court, New York County, dated July 11, 1988, the examination was regraded and, as a result, a special eligible list was promulgated from which those petitioners then still on active duty were promoted to lieutenant, as were intervenors. Petitioners then moved for a modification of the July 11, 1988 order to provide for retroactive seniority benefits and back pay from the date each of them would have been promoted from the original eligible list had the examination been *323 properly graded. They were joined in this request by intervenors. Additionally, four of the original petitioners who had retired before the revised promotional list was promulgated, but who had passed the written portion of the examination as regraded, sought retroactive seniority and back pay from the date they claimed they would have been promoted had the original examination been properly graded.
Respondents opposed any award of retroactive seniority benefits for back pay on the principal ground that to do so would be in derogation of their statutory discretion as a governmental Civil Service appointing authority to select for appointment or promotion any one of the three highest persons on the eligible list, as provided under Civil Service Law § 61 (the "one-in-three rule"). Supreme Court rejected this objection. It reasoned that, because petitioners and intervenors had already been promoted from the special eligible list following the regrading of the examination, awarding them retroactive seniority benefits and back pay to the date they would have been promoted had the examination been properly graded in the first instance could not be said to impinge on respondents' statutory discretion under the one-in-three rule. Such an award, the court held, merely served to "make whole" the petitioners still in active service for being deprived of the earlier promotions they would have received. Furthermore, the court found that the New York City Fire Department historically and throughout the pertinent period had followed a consistent policy of promoting to the ranks of lieutenant and above the highest persons on the applicable list. This abdication of discretion also obviated any need to preserve respondents' discretion under the one-in-three rule, the court concluded.
As to the four original petitioners who had retired from service before the special eligible list was promulgated, Supreme Court also fashioned a rather intricate remedy to place them in the same position they would have been in had their examinations initially been graded properly.
The Appellate Division affirmed (186 AD2d 423). Relying on its own decision in Matter of McKernan v City of New York Civ. Serv. Commn. (121 AD2d 350, lv denied 69 N.Y.2d 607) and this Court's decision in Matter of Abrams v Bronstein (33 N.Y.2d 488), the Court concluded that the award of retroactive benefits did not interfere with respondents' statutory discretion under the one-in-three rule, because it merely placed *324 petitioners and intervenors in the same position that they would have been in had the examination been correctly graded in the first instance. We granted leave to consider whether the award of retroactive seniority benefits and back pay antedating petitioners' and intervenors' actual promotions to Fire Department Lieutenant is barred by reason of Civil Service Law § 61.
We reverse. Our decisions repeatedly have acknowledged the importance of the discretionary governmental appointive power embodied in Civil Service Law § 61, and have rejected attempts to invoke the aid of the courts to limit the reasonable exercise of that discretion (see, City of Schenectady v State Div. of Human Rights, 37 N.Y.2d 421, 430; Matter of Cassidy v Municipal Civ. Serv. Commn., 37 N.Y.2d 526, 528-529; Matter of Berger v Walsh, 291 N.Y. 220, 223). Consistent with our adherence to the historical policy upon which Civil Service Law § 61 is based, we have held that a person successfully passing a competitive Civil Service examination does not acquire any "legally protectable interest" in an appointment to the position for which the examination was given (Matter of Cassidy v Municipal Civ. Serv. Commn., supra, at 529; see also, Matter of Deas v Levitt, 73 N.Y.2d 525, 532, cert denied 493 US 933), nor "thereby gain a vested right to appointment to the position" (Hurley v Board of Educ., 270 N.Y. 275, 279).
It follows from the foregoing that petitioners and intervenors would not have acquired any enforceable right or even any legally cognizable interest in appointment to the position of Fire Department Lieutenant if the examination they initially took for that position had been properly graded and resulted in their achieving passing grades. This would have remained so despite the existence of a past practice of the New York City Fire Department to promote the top graded examinees to lieutenant from the eligible list since, surely, no court would find it arbitrary or capricious on the part of the appointing authority for it to abandon that practice at any time in favor of the exercise of its statutory discretion under Civil Service Law § 61 (see, Matter of Delicati v Schechter, 3 AD2d 19, 23-24 [Breitel, J.]). Indeed, petitioners and intervenors have not argued that the practice of the Fire Department to appoint lieutenants strictly on the basis of test scores created any enforceable entitlement in their favor to promotion from the eligible list if the examination had been properly graded in the first instance.
*325 One must conclude from the foregoing that Supreme Court's direction that petitioners and intervenors receive retroactive seniority benefits and back pay  in effect thereby mandating their retroactive promotion to lieutenant  is fundamentally inconsistent with the letter and spirit of Civil Service Law § 61, and with our previously cited holdings that the only remedy a Civil Service examinee in the competitive class is entitled to for defects in the appointive or promotional process such as that presented here is not appointment or promotion, but a judicial direction for reconsideration after the prior defect has been corrected (see, City of Schenectady v State Div. of Human Rights, supra; Matter of Berger v Walsh, supra). The retroactive promotions to lieutenant effected by Supreme Court's order cannot be rationalized as merely making petitioners and intervenors "whole". This point was well made in Matter of State Div. of Human Rights (Cottongim) v County of Onondaga Sheriff's Dept. (71 N.Y.2d 623). In that case, we contrasted the available remedy for a wrongfully discharged employee (as was therein established) with that for employees not fairly considered for appointment or promotion (as is the case here) (id., at 634). We held in Matter of State Div. of Human Rights (Cottongim) that reinstatement is an appropriate remedy in the case of a wrongfully discharged employee; it restores to the employee that which he or she possessed before the wrong was committed (id.). On the other hand, we explained the holdings in our previous decisions dealing with defects in the appointment process that "where a person has not been considered fairly for an appointment by a public employer, the remedy that generally will make the individual whole * * * is that the individual be fairly considered for the appointment. These cases recognize that it may be improper to go further and require that the person be appointed to the position because this could award more than a complainant was entitled to before the [defect] took place" (id., at 634 [emphasis supplied]).
So too here, when petitioners established a defect in the promotional process, i.e., the improper grading of the examination, the appropriate remedy to make them whole under our precedents was to correct the defect they established, by regrading the examinations and promulgating a special eligible list, and then giving them due consideration for promotions from their positions on the new list (Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept., supra). This remedy, of course, ultimately led to their *326 actual promotion, but that result was not dictated in order to make them whole.
Accordingly, Supreme Court erred when it granted relief clearly in excess of the appropriate remedy here, by effectively dictating the retroactive promotion of petitioners and intervenors. This result, as we have concluded, violated the policy underlying Civil Service Law § 61 that competitive Civil Service examinees gain no cognizable legal rights to employment or promotion by passing an examination for the position sought. The courts may not dictate retroactive appointment or promotion in violation of this strong State policy on the factual supposition, no matter how reasonable, that had the appointive process worked properly initially, the candidate would have received earlier appointment or promotion.
To the extent that the decision in Matter of McKernan v City of New York Civ. Serv. Commn. (121 AD2d 350, supra) supports the award of retroactive seniority benefits and back pay as appropriate relief on a successful challenge to deficiencies in the Civil Service appointive or promotional process such as was presented here, that decision is disapproved. Moreover, petitioners' and intervenors' reliance on the McKernan case to establish their right to retroactive seniority benefits and back pay under the Equal Protection Clauses of the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 11) is also unavailing. The prevailing party in Matter of McKernan (supra) and petitioners here are not similarly situated, and respondents here have clearly established a reasonable basis for not adhering to the McKernan precedent in their treatment of petitioners and intervenors.
Finally, nothing that we have said here is inconsistent with our decision in Matter of Abrams v Bronstein (33 N.Y.2d 488, supra). In Matter of Abrams, a group of New York City police officers who had brought a separate court challenge to the grading of a police lieutenant examination entered into a stipulation with the City of New York that they would receive retroactive benefits, including salary increments, in the event that they won their suit and as a result were eventually appointed lieutenant from the revised eligible list (id., at 490-491). The petitioners in Matter of Abrams had not joined in the prior litigation, but had taken the same examination and had been promoted to police lieutenant from the same revised list (id., at 491). We held in Matter of Abrams that equal protection prevented the City of New York from discriminating *327 between petitioners and their peers as to the retroactive benefits in question merely because the latter group had brought the lawsuit challenging the grading of the promotional examination (id., at 494-495). In the instant case, petitioners and intervenors have not pointed to any similarly situated members of the New York City Fire Department who have received the retroactive benefits they seek here. Thus, Matter of Abrams v Bronstein (supra) does not support their claim.
For all the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the motion to modify the July 11, 1988 order and judgment of Supreme Court denied.
TITONE, J. (concurring in part and dissenting in part).
I concur in the majority opinion to the extent that it bars the four retired petitioners, who have not been promoted by respondent Fire Department to the position of lieutenant, from receiving the claimed retroactive relief. As the majority concludes, Supreme Court improperly ordered their retroactive promotion and thereby usurped the discretionary authority of the appointing agency to make such appointment determinations under Civil Service Law § 61 (1)'s "one-in-three" rule. However, in my view, the same rationale has no application in the context of court orders directing retroactive back pay and seniority benefits to individuals who have already been appointed or promoted and who are merely seeking to recover the benefits withheld as a result of a past wrong. The majority's failure to distinguish between the type of relief granted to the retired firefighters on the one hand  retroactive promotion and benefits  and to the promoted firefighters on the other  retroactive benefits incidental to their promotion  represents an unwarranted application of the "one-in-three" rule that has unnecessarily deprived a group of civil servants of the relief they deserve which in no way encroaches on any statutory discretion accorded to the Fire Department's appointing authority under the Civil Service Law. The Fire Department has already exercised that discretion, without court interference, in making the promotional appointments. Additionally, the award of retroactive benefits as incidental relief to the promoted firefighters is directly supported by this Court's precedent in Matter of Abrams v Bronstein (33 N.Y.2d 488). Beyond that, the majority has failed to articulate any compelling policy rationale to justify its departure from *328 Abrams or the withholding of retroactive benefits from civil servants who have been harmed, not because of the appointing authority's protected exercise of discretion, but due to that body's erroneous grading of the promotional examination. Accordingly, I respectfully dissent from that portion of the majority's holding which deprives petitioners and intervenors who have already been promoted by the Fire Department of their retroactive relief.
Initially, I agree with the majority that no firefighter would have "acquired any enforceable right or even any legally cognizable interest in appointment to the position of Fire Department Lieutenant" had the original grading of the examination been proper and had they achieved passing scores (majority opn, at 324). In fact, it is well settled that the power granted to the appointing officer by Civil Service Law § 61 (1)'s "one-in-three" selection rule clearly prevents the courts from directing that authority to appoint (Matter of Cassidy v Municipal Civ. Serv. Commn., 37 N.Y.2d 526, 528-529; Matter of Berger v Walsh, 291 N.Y. 220, 222-223; Matter of Delicati v Schechter, 3 AD2d 19, 23), or reinstate (see, City of Schenectady v State Div. of Human Rights, 37 N.Y.2d 421, 430) a candidate (cf., Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept., 71 N.Y.2d 623, 634; Matter of Delicati, supra, at 23).
However, it does not necessarily follow, as the majority holds, that the existence of that rule also precludes a claim for retroactive benefits sought by petitioners who have already, in fact, been appointed. As articulated by the majority, the purpose of precluding the courts from fashioning mandatory appointment-related remedies is to preserve the historical discretion reserved to the governmental appointing authorities (majority opn, at 324). That purpose does not preclude awards of retroactive pay and benefits where the appointing authority has exercised its discretion by selecting the aggrieved candidates for appointment.
Significantly, the "one-in-three" rule justification for precluding a court from directing an appointing authority to promote a candidate has never been extended by this Court to bar a grant of retroactive benefits to a candidate who has already been appointed by that authority. Indeed, substantially all of the cases that the majority cites involved petitioners who were denied judicial relief, including claims for retroactive pay and benefits, because they were primarily seeking *329 to compel their appointment or reinstatement after being passed over or discharged (see, Matter of State Div. of Human Rights [Cottongim], supra; City of Schenectady, supra; Matter of Cassidy, supra; Matter of Berger v Walsh, supra; Matter of Delicati, supra). None of those cases involved the denial of claims for retroactive benefits asserted by petitioners who had already been appointed to the post they sought.
The flaw in the majority's analysis here is its characterization of Supreme Court's directive as an order "mandating * * * retroactive promotion" (majority opn, at 325). As the majority itself recognizes, however, Supreme Court did not order the promotion of those petitioners (see, majority opn, at 325-326); rather, in essence, the court ordered only that the promoted firefighters be given a retroactive appointment date to facilitate the calculation of benefits wrongfully withheld. Indeed, those firefighters did not bring this proceeding to compel the Commissioner to appoint them because they were "not fairly considered for appointment or promotion" (majority opn, at 325). Rather, they seek, as relief incidental to their resulting promotions, merely to be placed in the position that they would have been in had the appointing authority properly graded the examinations initially.
This Court and others have previously recognized that an order granting retroactive promotion is distinct from an order directing retroactive benefits and that, despite the discretionary authority vested in the appointing officer, the latter award is available to a petitioner who has already been promoted in order to remedy the effects of unfair grading of the promotional exam (see, Matter of Abrams v Bronstein, 33 N.Y.2d 488, supra; Matter of McKernan v City of New York Civ. Serv. Commn., 121 AD2d 350). In fact, the argument asserted by respondents and accepted by the majority  that the award of retroactive benefits to petitioners would, like an order compelling appointment, undermine the appointing authority's discretionary power  is not novel. In Matter of Abrams (supra), this Court rejected that identical claim. Relying on the pivotal fact that the petitioners had all already been appointed "in regular order according to the listings", the Court concluded that the proposed application of the "one-in-three" selection rule asserted to justify withholding those retroactive benefits from the petitioners "misses the point because the petitioners are not asserting a right to be appointed but a right to equal benefits upon appointment" (id., at 493, n 6 [emphasis supplied]). Despite its protestations to the contrary, the majority's *330 holding cannot be reconciled with the italicized language in Abrams.
Since it would be impossible for the courts to interfere with the Fire Department's power to appoint the promoted firefighters because that appointing authority has already exercised its discretion by so doing, the sole inquiry for the courts concerns the remedy to be afforded petitioners to make them whole. Well settled is the rule that a remedy should be coextensive with the wrong it is designed to redress (Weissman v Evans, 56 N.Y.2d 458, 467). An award of retroactive back pay and seniority benefits calculated from the date the petitioners would have been promoted  although "disapproved" of by the majority for reasons which remain to be explained (see, majority opn, at 326)  is sufficient to redress the wrong to petitioners because it "restores [them] to the position in which [they] would have been had * * * [they] timely * * * been promoted" (Matter of McKernan v City of New York Civ. Serv. Commn., 121 AD2d 350, 352, supra; see also, Anderson v County of Suffolk, 97 AD2d 448, 449; CPLR 7806).
Contrary to respondent's assertion that the date the petitioners would have been promoted is speculative and thus impossible to determine, the Fire Department's policy of promoting in strict numerical order renders those dates readily ascertainable. Thus, in this case, the award of retroactive benefits may simply be calculated from the promotion date of the firefighter who previously held the ranking on the original list that is now held by the petitioner on the revised list. In fact, the record reveals that the Fire Department has utilized the same system in the past to project retroactive seniority dates upon court-ordered regrading of a lieutenant's examination so that firefighters who would have been promoted by a certain cutoff date after the reranking could be certified as eligible in time to take the promotional exam for captain.
In sum, because I cannot agree that a court's award of back pay to petitioners after they have been duly appointed is inconsistent with the "one-in-three" rule, and because the majority's justification for denying retroactive benefits to civil servants who have been promoted belatedly is unconvincing and departs from this Court's clear precedent, I would modify the Appellate Division order insofar as it granted such relief to the retired petitioners, and otherwise affirm the awards to those petitioners and intervenors already promoted by the Commissioner.
Order reversed, etc.