OPINION OF THE COURT
Levine, J.
Petitioners and intervenors were New York City firefighters when petitioners brought the instant CPLR article 78 proceeding challenging respondents’ grading of 12 questions on a promotional examination for the position of Fire Department Lieutenant given October 31, 1981. Pursuant to the order of Supreme Court, New York County, dated July 11, 1988, the examination was regraded and, as a result, a special eligible list was promulgated from which those petitioners then still on active duty were promoted to lieutenant, as were intervenors. Petitioners then moved for a modification of the July 11, 1988 order to provide for retroactive seniority benefits and back pay from the date each of them would have been promoted from the original eligible list had the examination been *323 properly graded. They were joined in this request by intervenors. Additionally, four of the original petitioners who had retired before the revised promotional list was promulgated, but who had passed the written portion of the examination as regraded, sought retroactive seniority and back pay from the date they claimed they would have been promoted had the original examination been properly graded.
Respondents opposed any award of retroactive seniority benefits for back pay on the principal ground that to do so would be in derogation of their statutory discretion as a governmental Civil Service appointing authority to select for appointment or promotion any one of the three highest persons on the eligible list, as provided under Civil Service Law § 61 (the "one-in-three rule”). Supreme Court rejected this objection. It reasoned that, because petitioners and intervenors had already been promoted from the special eligible list following the regrading of the examination, awarding them retroactive seniority benefits and back pay to the date they would have been promoted had the examination been properly graded in the first instance could not be said to impinge on respondents’ statutory discretion under the one-in-three rule. Such an award, the court held, merely served to "make whole” the petitioners still in active service for being deprived of the earlier promotions they would have received. Furthermore, the court found that the New York City Fire Department historically and throughout the pertinent period had followed a consistent policy of promoting to the ranks of lieutenant and above the highest persons on the applicable list. This abdication of discretion also obviated any need to preserve respondents’ discretion under the one-in-three rule, the court concluded.
As to the four original petitioners who had retired from service before the special eligible list was promulgated, Supreme Court also fashioned a rather intricate remedy to place them in the same position they would have been in had their examinations initially been graded properly.
The Appellate Division affirmed (186 AD2d 423). Relying on its own decision in Matter of McKernan v City of New York Civ. Serv. Commn. (121 AD2d 350, lv denied 69 NY2d 607) and this Court’s decision in Matter of Abrams v Bronstein (33 NY2d 488), the Court concluded that the award of retroactive benefits did not interfere with respondents’ statutory discretion under the one-in-three rule, because it merely placed *324 petitioners and intervenors in the same position that they would have been in had the examination been correctly graded in the first instance. We granted leave to consider whether the award of retroactive seniority benefits and back pay antedating petitioners’ and intervenors’ actual promotions to Fire Department Lieutenant is barred by reason of Civil Service Law § 61.
We reverse. Our decisions repeatedly have acknowledged the importance of the discretionary governmental appointive power embodied in Civil Service Law § 61, and have rejected attempts to invoke the aid of the courts to limit the reasonable exercise of that discretion (see, City of Schenectady v State Div. of Human Rights, 37 NY2d 421, 430; Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526, 528-529; Matter of Berger v Walsh, 291 NY 220, 223). Consistent with our adherence to the historical policy upon which Civil Service Law § 61 is based, we have held that a person successfully passing a competitive Civil Service examination does not acquire any "legally protectable interest” in an appointment to the position for which the examination was given (Matter of Cassidy v Municipal Civ. Serv. Commn., supra, at 529; see also, Matter of Deas v Levitt, 73 NY2d 525, 532, cert denied 493 US 933), nor "thereby gain a vested right to appointment to the position” (Hurley v Board of Educ., 270 NY 275, 279).
It follows from the foregoing that petitioners and intervenors would not have acquired any enforceable right or even any legally cognizable interest in appointment to the position of Fire Department Lieutenant if the examination they initially took for that position had been properly graded and resulted in their achieving passing grades. This would have remained so despite the existence of a past practice of the New York City Fire Department to promote the top graded examinees to lieutenant from the eligible list since, surely, no court would find it arbitrary or capricious on the part of the appointing authority for it to abandon that practice at any time in favor of the exercise of its statutory discretion under Civil Service Law § 61 (see, Matter of Delicati v Schechter, 3 AD2d 19, 23-24 [Breitel, J.]). Indeed, petitioners and intervenors have not argued that the practice of the Fire Department to appoint lieutenants strictly on the basis of test scores created any enforceable entitlement in their favor to promotion from the eligible list if the examination had been properly graded in the first instance.
*325 One must conclude from the foregoing that Supreme Court’s direction that petitioners and intervenors receive retroactive seniority benefits and back pay — in effect thereby mandating their retroactive promotion to lieutenant — is fundamentally inconsistent with the letter and spirit of Civil Service Law § 61, and with our previously cited holdings that the only remedy a Civil Service examinee in the competitive class is entitled to for defects in the appointive or promotional process such as that presented here is not appointment or promotion, but a judicial direction for reconsideration after the prior defect has been corrected (see, City of Schenectady v State Div. of Human Rights, supra; Matter of Berger v Walsh, supra). The retroactive promotions to lieutenant effected by Supreme Court’s order cannot be rationalized as merely making petitioners and intervenors "whole”. This point was well made in Matter of State Div. of Human Rights (Cottongim) v County of Onondaga Sheriff’s Dept. (71 NY2d 623). In that case, we contrasted the available remedy for a wrongfully discharged employee (as was therein established) with that for employees not fairly considered for appointment or promotion (as is the case here) (id., at 634). We held in Matter of State Div. of Human Rights (Cottongim) that reinstatement is an appropriate remedy in the case of a wrongfully discharged employee; it restores to the employee that which he or she possessed before the wrong was committed (id.). On the other hand, we explained the holdings in our previous decisions dealing with defects in the appointment process that "where a person has not been considered fairly for an appointment by a public employer, the remedy that generally will make the individual whole * * * is that the individual be fairly considered for the appointment. These cases recognize that it may be improper to go further and require that the person be appointed to the position because this could award more than a complainant was entitled to before the [defect] took place” (id., at 634 [emphasis supplied]).
So too here, when petitioners established a defect in the promotional process, i.e., the improper grading of the examination, the appropriate remedy to make them whole under our precedents was to correct the defect they established, by regrading the examinations and promulgating a special eligible list, and then giving them due consideration for promotions from their positions on the new list (Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff’s Dept., supra). This remedy, of course, ultimately led to their *326 actual promotion, but that result was not dictated in order to make them whole.
Accordingly, Supreme Court erred when it granted relief clearly in excess of the appropriate remedy here, by effectively dictating the retroactive promotion of petitioners and intervenors. This result, as we have concluded, violated the policy underlying Civil Service Law § 61 that competitive Civil Service examinees gain no cognizable legal rights to employment or promotion by passing an examination for the position sought. The courts may not dictate retroactive appointment or promotion in violation of this strong State policy on the factual supposition, no matter how reasonable, that had the appointive process worked properly initially, the candidate would have received earlier appointment or promotion.
To the extent that the decision in Matter of McKernan v City of New York Civ. Serv. Commn. (121 AD2d 350, supra) supports the award of retroactive seniority benefits and back pay as appropriate relief on a successful challenge to deficiencies in the Civil Service appointive or promotional process such as was presented here, that decision is disapproved. Moreover, petitioners’ and interveners’ reliance on the McKernan case to establish their right to retroactive seniority benefits and back pay under the Equal Protection Clauses of the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 11) is also unavailing. The prevailing party in Matter of McKernan (supra) and petitioners here are not similarly situated, and respondents here have clearly established a reasonable basis for not adhering to the McKernan precedent in their treatment of petitioners and intervenors.
Finally, nothing that we have said here is inconsistent with our decision in Matter of Abrams v Bronstein (33 NY2d 488, supra). In Matter of Abrams, a group of New York City police officers who had brought a separate court challenge to the grading of a police lieutenant examination entered into a stipulation with the City of New York that they would receive retroactive benefits, including salary increments, in the event that they won their suit and as a result were eventually appointed lieutenant from the revised eligible list (id., at 490-491). The petitioners in Matter of Abrams had not joined in the prior litigation, but had taken the same examination and had been promoted to police lieutenant from the same revised list (id., at 491). We held in Matter of Abrams that equal protection prevented the City of New York from discriminat *327 ing between petitioners and their peers as to the retroactive benefits in question merely because the latter group had brought the lawsuit challenging the grading of the promotional examination (id., at 494-495). In the instant case, petitioners and intervenors have not pointed to any similarly situated members of the New York City Fire Department who have received the retroactive benefits they seek here. Thus, Matter of Abrams v Bronstein (supra) does not support their claim.
For all the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the motion to modify the July 11, 1988 order and judgment of Supreme Court denied.