Titone, J.
(concurring in part and dissenting in part). I concur in the majority opinion to the extent that it bars the four retired petitioners, who have not been promoted by respondent Fire Department to the position of lieutenant, from receiving the claimed retroactive relief. As the majority concludes, Supreme Court improperly ordered their retroactive promotion and thereby usurped the discretionary authority of the appointing agency to make such appointment determinations under Civil Service Law § 61 (l)’s "one-in-three” rule. However, in my view, the same rationale has no application in the context of court orders directing retroactive back pay and seniority benefits to individuals who have already been appointed or promoted and who are merely seeking to recover the benefits withheld as a result of a past wrong. The majority’s failure to distinguish between the type of relief granted to the retired firefighters on the one hand — retroactive promotion and benefits — and to the promoted firefighters on the other — retroactive benefits incidental to their promotion — represents an unwarranted application of the "one-in-three” rule that has unnecessarily deprived a group of civil servants of the relief they deserve which in no way encroaches on any statutory discretion accorded to the Fire Department’s appointing authority under the Civil Service Law. The Fire Department has already exercised that discretion, without court interference, in making the promotional appointments. Additionally, the award of retroactive benefits as incidental relief to the promoted firefighters is directly supported by this Court’s precedent in Matter of Abrams v Bronstein (33 NY2d 488). Beyond that, the majority has failed to articulate any compelling policy rationale to justify its departure from *328 Abrams or the withholding of retroactive benefits from civil servants who have been harmed, not because of the appointing authority’s protected exercise of discretion, but due to that body’s erroneous grading of the promotional examination. Accordingly, I respectfully dissent from that portion of the majority’s holding which deprives petitioners and intervenors who have already been promoted by the Fire Department of their retroactive relief.
Initially, I agree with the majority that no firefighter would have "acquired any enforceable right or even any legally cognizable interest in appointment to the position of Fire Department Lieutenant” had the original grading of the examination been proper and had they achieved passing scores (majority opn, at 324). In fact, it is well settled that the power granted to the appointing officer by Civil Service Law § 61 (l)’s "one-in-three” selection rule clearly prevents the courts from directing that authority to appoint (Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526, 528-529; Matter of Berger v Walsh, 291 NY 220, 222-223; Matter of Delicati v Schechter, 3 AD2d 19, 23), or reinstate (see, City of Schenectady v State Div. of Human Rights, 37 NY2d 421, 430) a candidate (cf., Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff’s Dept., 71 NY2d 623, 634; Matter of Delicati, supra, at 23).
However, it does not necessarily follow, as the majority holds, that the existence of that rule also precludes a claim for retroactive benefits sought by petitioners who have already, in fact, been appointed. As articulated by the majority, the purpose of precluding the courts from fashioning mandatory appointment-related remedies is to preserve the historical discretion reserved to the governmental appointing authorities (majority opn, at 324). That purpose does not preclude awards of retroactive pay and benefits where the appointing authority has exercised its discretion by selecting the aggrieved candidates for appointment.
Significantly, the "one-in-three” rule justification for precluding a court from directing an appointing authority to promote a candidate has never been extended by this Court to bar a grant of retroactive benefits to a candidate who has already been appointed by that authority. Indeed, substantially all of the cases that the majority cites involved petitioners who were denied judicial relief, including claims for retroactive pay and benefits, because they were primarily seeking *329 to compel their appointment or reinstatement after being passed over or discharged (see, Matter of State Div. of Human Rights [Cottongim], supra; City of Schenectady, supra; Matter of Cassidy, supra; Matter of Berger v Walsh, supra; Matter of Delicati, supra). None of those cases involved the denial of claims for retroactive benefits asserted by petitioners who had already been appointed to the post they sought.
The flaw in the majority’s analysis here is its characterization of Supreme Court’s directive as an order "mandating * * * retroactive promotion” (majority opn, at 325). As the majority itself recognizes, however, Supreme Court did not order the promotion of those petitioners (see, majority opn, at 325-326); rather, in essence, the court ordered only that the promoted firefighters be given a retroactive appointment date to facilitate the calculation of benefits wrongfully withheld. Indeed, those firefighters did not bring this proceeding to compel the Commissioner to appoint them because they were "not fairly considered for appointment or promotion” (majority opn, at 325). Rather, they seek, as relief incidental to their resulting promotions, merely to be placed in the position that they would have been in had the appointing authority properly graded the examinations initially.
This Court and others have previously recognized that an order granting retroactive promotion is distinct from an order directing retroactive benefits and that, despite the discretionary authority vested in the appointing officer, the latter award is available to a petitioner who has already been promoted in order to remedy the effects of unfair grading of the promotional exam (see, Matter of Abrams v Bronstein, 33 NY2d 488, supra; Matter of McKernan v City of New York Civ. Serv. Commn., 121 AD2d 350). In fact, the argument asserted by respondents and accepted by the majority — that the award of retroactive benefits to petitioners would, like an order compelling appointment, undermine the appointing authority’s discretionary power — is not novel. In Matter of Abrams (supra), this Court rejected that identical claim. Relying on the pivotal fact that the petitioners had all already been appointed "in regular order according to the listings”, the Court concluded that the proposed application of the "one-in-three” selection rule asserted to justify withholding those retroactive benefits from the petitioners "misses the point because the petitioners are not asserting a right to be appointed but a right to equal benefits upon appointment” (id., at 493, n 6 [emphasis supplied]). Despite its protestations to the contrary, the majority’s *330 holding cannot be reconciled with the italicized language in Abrams.
Since it would be impossible for the courts to interfere with the Fire Department’s power to appoint the promoted firefighters because that appointing authority has already exercised its discretion by so doing, the sole inquiry for the courts concerns the remedy to be afforded petitioners to make them whole. Well settled is the rule that a remedy should be coextensive with the wrong it is designed to redress (Weissman v Evans, 56 NY2d 458, 467). An award of retroactive back pay and seniority benefits calculated from the date the petitioners would have been promoted — although "disapproved” of by the majority for reasons which remain to be explained (see, majority opn, at 326) — is sufficient to redress the wrong to petitioners because it "restores [them] to the position in which [they] would have been had * * * [they] timely * * * been promoted” (Matter of McKernan v City of New York Civ. Serv. Commn., 121 AD2d 350, 352, supra; see also, Anderson v County of Suffolk, 97 AD2d 448, 449; CPLR 7806).
Contrary to respondent’s assertion that the date the petitioners would have been promoted is speculative and thus impossible to determine, the Fire Department’s policy of promoting in strict numerical order renders those dates readily ascertainable. Thus, in this case, the award of retroactive benefits may simply be calculated from the promotion date of the firefighter who previously held the ranking on the original list that is now held by the petitioner on the revised list. In fact, the record reveals that the Fire Department has utilized the same system in the past to project retroactive seniority dates upon court-ordered regrading of a lieutenant’s examination so that firefighters who would have been promoted by a certain cutoff date after the reranking could be certified as eligible in time to take the promotional exam for captain.
In sum, because I cannot agree that a court’s award of back pay to petitioners after they have been duly appointed is inconsistent with the "one-in-three” rule, and because the majority’s justification for denying retroactive benefits to civil servants who have been promoted belatedly is unconvincing and departs from this Court’s clear precedent, I would modify the Appellate Division order insofar as it granted such relief to the retired petitioners, and otherwise affirm the awards to those petitioners and intervenors already promoted by the Commissioner.
*331 Chief Judge Kaye and Judges Simons, Hancock, Jr., Bellacosa and Smith concur with Judge Levine; Judge Titone dissents in part in a separate opinion.
Order reversed, etc.