■ In the Matter of RICHARD A. ARCHER, Respondent, v LUCIUS J. RICCIO, as Commissioner of the New York City Department of Transportation, et al., Appellants. [607 NYS2d 666] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about August 31, 1993, which granted petitioner injunctive relief in this proceeding brought pursuant to CPLR article 78, *inter alia,* enjoining the expiration of

Civil Service List #1637 until respondents consider petitioner for permanent appointment as Supervising Superintendent of Maintenance and comply with Civil Service Law § 65 concerning the appointment of provisionals presently filling the vacant positions, unanimously reversed, on the law, the petition dismissed and the injunction vacated, without costs.

In 1989 petitioner passed an examination for Supervising Superintendent of Maintenance and was listed number 21, last, on the eligibility list. As of November, 1992, the list had shrunk to four names. The agency, nevertheless, appointed provisionals to the position.

Petitioner seeks a judgment and order directing respondents to appoint him to the position. He has had more than twelve years of meritorious service with the New York City Department of Transportation. His performance evaluations from 1987 through 1992 have rated him from satisfactory to very good, and he has had no lateness or disciplinary problems. He has stated his belief that he is being passed over because of his activities as a union shop steward.

Respondent contends that the Supreme Court lacked the power to extend the life of eligible list #1637 beyond the four years allowed under section 56 of the Civil Service Law and that such list thus expired on August 23, 1993; that of the four persons on the list as of November 1992 (when a provisional superintendent was appointed) one had died on March 7, 1991, and one had retired on August 31, 1992, and that thus the list did not comply with the provision of Civil Service Law § 61 (1) requiring the certification of three persons from the list for the selection of one to fill a vacancy; and that, even if those objections could be overcome, petitioner would have no "legally protectable interest" or "vested right" to a promotion, citing *Matter of Andriola v Ortiz* (82 NY2d 320).

Even a person receiving the highest mark on a promotional examination has only "the right to consideration for and a 'hope' of appointment" *(Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526, 529). Civil Service Law § 61 gives governments a discretionary appointive power, and being on a list does not give one a vested right to appointment *(Matter of Andriola v Ortiz, supra)*. In *Andriola* the petitioners had established a defect in the promotional process, i.e., the improper grading of an examination. But even then the appropriate remedy was the regrading of the examinations and the promulgation of a special eligible list, not the petitioners' retroactive appointment. Here no defect in the promotional

process has been shown. Appointments were made from the list until the rule of one-of-three could no longer be followed, and only then were provisional appointments made. But even if defects in the process had been shown, there would still be no right to an appointment *(Matter of Andriola v Ortiz, supra)*. Despite petitioner's commendable record and his passing the examination, the courts cannot grant him the relief he seeks. The action of respondent cannot be found invalid as contrary to the merit and fitness requirements of the State Constitution or arbitrary or capricious *(see, Matter of Deas v Levitt,* 73 NY2d 525, 527-528, *cert denied* 493 US 933). Concur —Carro, J. P., Ellerin, Asch and Nardelli, JJ.