■ JARL H. CHRISTENSEN et al., Respondents, v JUDITH A. LEVITT, as Personnel Director of the City of New York, et al., Appellants. [615 NYS2d 684] —Order and judgment (one paper), Supreme Court, New York County (Stanley L. Sklar, J.), entered on or about April 12, 1993, which, *inter alia,* granted back pay and retroactive seniority benefits to those petitioners promoted to the rank of captain in the New York City Fire Department pursuant to lists established following a makeup examination and a subsequent promotional examination from the dates they would have been promoted had they taken the original examination, unanimously reversed, on the law, and the petition denied, without costs.

The recent Court of Appeals decision in *Matter of Andriola v Ortiz* (82 NY2d 320, *cert denied sub nom. Andriola v Antinoro,* — US —, 128 L Ed 2d 193) mandates our decision in this case. In *Andriola* the Court held that where civil service employees have successfully challenged a defect in the appointive or promotional process and are thereafter appointed to an eligible list for promotion, an award of back pay and retroactive benefits was "clearly in excess of the appropriate remedy" *(supra,* at 326).

The Court's rationale was that such awards are contrary to the policy underlying Civil Service Law § 61, that competitive civil service employees gain no cognizable legal rights to employment or promotion by passing an examination for the position sought, and erode the discretionary governmental appointive power embodied in the statute.

Petitioners' attempt to distinguish their circumstances from those in *Andriola* is to no avail. They rely on *Matter of McKernan v City of N. Y. Civ. Serv. Commn.* (121 AD2d 350, *lv denied* 69 NY2d 607) in support of their distinction between situations where a delayed appointment resulted from a missed examination due to a line-of-duty injury *(McKernan* and the instant case), and those where the delayed appointment resulted from the re-grading of a regularly scheduled examination *(Andriola).* According to petitioners, *Andriola* held that the former situation merits back pay and retroactive seniority, and the latter does not. However, the *Andriola*

decision expressly disapproves of *McKernan,* to the extent that it supports back pay and retroactive seniority benefits as appropriate relief on a successful challenge to deficiencies in the civil service appointive or promotional process *(Matter of Andriola v Ortiz, supra,* at 326), and does not draw the distinction urged by petitioners. Concur—Sullivan, J. P., Rosenblatt, Ross, Williams and Tom, JJ.