Judgment, Supreme Court, New York County (Jane S. Solomon, J), entered on or about August 22, 2011, denying the petition seeking, among other things, reinstatement to petitioner’s prior position of permanent Fraud Investigator, placement on the Department of Homeless Services’ (DHS) eligible list for promotion to Associate Fraud Investigator, and monetary damages for wrongful denial of promotion and wrongful transfer under Civil Service Law § 80, and dismissing the proceeding brought pursuant to CELR article 78, unanimously affirmed, without costs.
Eetitioner acknowledges that having prevailed in her administrative appeal on the ground that the Department of Citywide Administrative Services (DCAS) had erroneously ruled her ineligible for promotion to the position of Associate Fraud Inspector, she was not entitled to be appointed to that position, but only to be placed on a special eligible list and given due consideration (see Matter of Andriola v Ortiz, 82 NY2d 320, 324 [1993], cert denied 511 US 1031 [1994]).
Eetitioner’s contention that DCAS acted arbitrarily in failing to place her on an eligibility list for DHS—where she was working when the error regarding her eligibility was made, rather than the Human Resources Administration (HRA), where she was employed when she won her administrative appeal—is unavailing. The record indicates that petitioner turned down the opportunity to return to DHS, evidently believing at that point that her prospects were better at HRA.
While petitioner correctly asserts that she would not have been laid off as a DHS Fraud Inspector if not for DCAS’s miscalculation of her seniority, she is not entitled to back pay for that reason, because she was transferred to a job at HRA with the same title and compensation. Nor is petitioner entitled to compensation in connection with the demotion from provisional Associate Fraud Inspector to her permanent title of Fraud Inspector, which preceded the transfer to HRA. Eetitioner had no expectation of tenure in the provisional position, which could *530 be terminated without the requirement of charges, a statement of reasons, or a hearing (Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.-Long Beach Unit, 8 NY3d 465, 471 [2007]). Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ. [Prior Case History: 2011 NY Slip Op 32280(U).]