■ In the Matter of MARC A. GRECO, Appellant, v DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Respondents. [640 NYS2d 509] —Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 16, 1995, denying the petition and dismissing the proceeding, unanimously modified, on the law, only to the extent of ordering respondents to accept petitioner's passing grade on a 1993 Civil Service examination for Sergeant as a makeup examination for a 1988 examination for the same position and, as so modified, the judgment is otherwise affirmed, without costs.

Given the fact that petitioner was prevented from taking the 1988 Sergeant's examination by, what was subsequently determined to be, respondents' wrongful termination of his employment *(see, Matter of Department of Personnel v New York Civ. Serv. Commn.*, 180 AD2d 449, *lv denied* 80 NY2d 755), his passing grade on the next-scheduled Sergeant's examination in 1993 should have been accepted as a makeup for the earlier examination.

However, notwithstanding such wrongful discharge, the IAS Court properly upheld respondents' determination that petitioner was not entitled, based on his subsequent passing of the next-scheduled Sergeant's examination in 1993, to retroactive promotion to Sergeant with full retroactive benefits for that title. The appropriate remedy for defects in the Civil Service appointment or promotion process is not retroactive appointment or promotion with an award of back pay, which would violate the strong State policy of discretionary governmental appointive power underlying Civil Service Law § 61, but rather reconsideration for appointment or promotion after the defect in the process has been corrected *(Matter of Andriola v Ortiz*, 82 NY2d 320, 324-326, *cert denied sub nom. Andriola v Antinoro*, 511 US 1031; *see also, Carro v City of New York*, 214 AD2d 450; *Christensen v Levitt*, 207 AD2d 320; *Matter of Archer v Riccio*, 201 AD2d 395).

Petitioner's attempt to distinguish his circumstances from those in *Andriola* is unavailing inasmuch as that case and its progeny draw no distinction between affirmative or intentional conduct by respondents, on the one hand, and passive or negligent conduct by respondents, on the other, and, in any event, retroactive relief granted on the basis of either would equally violate the "one-in-three rule" of Civil Service Law § 61 (*cf., Matter of Beame v DeLeon*, 87 NY2d 289; *see generally*, Davis, New York Court of Appeals Roundup, *Remedies for Discrimination; The Role of Dissent*, NYLJ, Jan. 16, 1996, at 3, col 1). Concur—Ellerin, J. P., Kupferman, Ross and Williams, JJ.