■ In the Matter of RICHARD J. AIELLO, Appellant, v WILLIAM BRATTON, as New York City Police Commissioner, et al., Respondents. [654 NYS2d 135] —Order, Supreme Court, New York County (Joan Lobis, J.), entered June 19, 1995, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination not to award him back pay and retroactive seniority upon his appointment to the position of lieutenant in the Police Department, and dismissed the petition, unanimously affirmed, without costs.

The IAS Court properly held that petitioner was not denied equal protection because another officer, whose promotion to detective, like petitioner's promotion to lieutenant, had been held in abeyance pending resolution of disciplinary charges, was awarded back pay and retroactive seniority when the promotion finally went through. The other officer had a vested right to his promotion to detective under Police Department Interim Order No. 27 by reason of having performed investigative duties for 26¹/₂ months (*see, Matter of Scotto v Dinkins*, 85 NY2d 209). In contrast, petitioner's promotion to lieutenant was pursuant to civil service examination and subject to the discretionary governmental appointive power embodied in the one-in-three rule of Civil Service Law § 61 (1). Accordingly, petitioner's remedy is not retroactive promotion "but rather reconsideration for appointment or promotion" (*Matter of Greco v Department of Personnel*, 226 AD2d 105; *Carro v City of New York*, 214 AD2d 450, *lv denied* 87 NY2d 804, 969). In short, the two officers were not similarly situated. Concur— Sullivan, J. P., Rosenberger, Mazzarelli and Andrias, JJ.