Mirmira BHEEMARAO; Dennis Rizzo; Puran J. Jattani; Satish Kumar; and Richard Der Aris, Plaintiffs,

v.

CITY OF NEW YORK; New York City Department of Citywide Administrative Services; New York City Department of Environmental Protection; New York City Comptroller; Joel A. Miele, Sr., Commissioner, New York City Department of Environmental Protection; Robert Gaffoglio, Deputy Commissioner, New York City Department of Environmental Protection; and Louis J. Tazzi, Deputy Commissioner, New York City Department of Environmental Protection, Defendants.

No. 00 CIV. 8473 (JSR).

United States District Court, S.D. New York.

May 30, 2001.

Robert Felix, New York City, for Plaintiffs.

Adam Kurtz, Assistant Corporation Counsel, Corporation Counsel for the City of New York, New York City, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiffs are five employees of the Department of Environmental Protection ("DEP") of the City of New York, all of whom allege that they were made "acting" supervisors in 1993 or earlier. They claim that, despite defendants' repeated assurances that plaintiffs would thereafter receive actual promotions to the supervisory positions, defendants failed to promote plaintiffs, therefore depriving plaintiffs of the increased compensation to which they allege they were entitled because of their increased supervisory responsibilities. Plaintiffs further allege that their situations are not isolated instances within the DEP, but rather reflect defendants' alleged policy, custom or practice of maintaining "mid-level" supervisors in acting positions in order to save the cost of the higher salaries that actual promotions would entail. In contrast, plaintiffs claim, "high-level" acting supervisors are promptly promoted.

Suing under 42 U.S.C. § 1983, plaintiffs allege that defendants' foregoing actions have violated their procedural and substantive due process rights and their right to equal protection. In addition, plaintiffs assert various pendant state claims. In response, defendants have moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint in its entirety for failure to state a claim.

Plaintiffs' first federal claim is for the deprivation of property without procedural due process. In order to state such a claim, plaintiffs must first identify the property interest, usually stemming from state law, that is entitled to due process protection. *See, e.g., Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 576–77, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). When plaintiffs' counsel was pressed at oral argument to specify exactly what plaintiffs' asserted property interest was, counsel stated that it was that the plaintiffs here had a right to promotion and/or a right to be told if they were not going to be promoted. *See* transcript of March 21, 2001 at 2–5. The latter, however, is patently not a property interest itself but rather an alleged procedural deficiency and therefore only relevant if there has been a deprivation of some property interest. The question then is whether some independent source of law provides plaintiffs with a property interest in promotion under these circumstances.

■ Plaintiffs argue that such a property interest arises by virtue of section 61(2) of the New York Civil Service Law, which states that:

> No person shall be appointed, promoted or employed under any title not appropriate to the duties to be performed, and, except upon assignment by proper authority during continuance of a temporary emergency situation, no person shall be assigned to perform duties of any position unless he has been duly appointed.

N.Y. Civ. Serv. Law § 61(2). But while the second clause of this provision may cast doubt on the lawfulness of plaintiffs' long-term assignments as "acting" supervisors, *see generally Rausch v. Pellegrini*, 237 A.D.2d 771, 655 N.Y.S.2d 127 (Sup.Ct. App.Div.3d Dept.1997), nothing in the statute creates a right to promotion. On the contrary, the statute, on its face, simply prohibits certain practices in the appointment process, and has been interpreted as such. Thus, under section 61(2), the "appropriate remedy for defects in the civil service appointment or promotion process is not retroactive appointment or promotion with an award of back pay, which would violate the strong State policy of discretionary governmental appointive power underlying Civil Service Law § 61, but rather reconsideration for appointment or promotion after the defect in the process has been corrected." *Greco v. Department of Personnel of City of N.Y.*, 226 A.D.2d 105, 640 N.Y.S.2d 509, 509–10 (Sup. Ct.App.Div. 1st Dept.1996). Accordingly, plaintiffs' reliance on section 61(2) is misplaced.

■ Alternatively, plaintiffs argue that, given defendants' alleged assurances that actual promotions would eventually follow plaintiffs' appointments as acting supervisors, plaintiffs had a property interest in promotion premised on an implied contract. This contention, however, was recently rejected by the Second Circuit, applying New York law, in *McMenemy v. City of Rochester*, 241 F.3d 279 (2d Cir. 2001). Holding that a Rochester Fire Chief's promise to promote McMenemy to captain did not create a property right, the Second Circuit noted that the New York Court of Appeals has repeatedly held "that a civil servant seeking a promotion 'does not possess any mandated right to appointment or any other legally protectable interest.'" *McMenemy*, 241 F.3d at 286 (quoting *Cassidy v. Municipal Civ. Serv. Comm'n*, 37 N.Y.2d 526, 529, 375 N.Y.S.2d 300, 337 N.E.2d 752 (1975); *see also Andriola v. Ortiz*, 82 N.Y.2d 320, 324, 604 N.Y.S.2d 530, 624 N.E.2d 667 (1993). Further, the Second Circuit stated, "Even if the Chief at one time intended to promote McMenemy and even if he expressed that intention as a promise, the City's broad discretion in matters of promotion, granted by statute, prevent that promise from ripening into an entitlement." *McMenemy, supra*, at 286–87 (citing *Baden v. Koch*, 638 F.2d 486, 492 (2d Cir.1980) ("[M]utual understandings and customs could not create a property interest for purposes of due process when they are contrary to the express provisions of regulations and statutes.")).

Plaintiffs seek to distinguish *McMenemy* by noting that in the instant case, plaintiffs were not simply promised promotion to supervisor but were actually performing the duties of supervisor in their role as "acting" supervisors. But section 61(2), *supra*, makes clear that performing the role of an "acting" supervisor, to the extent it is lawful at all, does not create an entitlement to actual promotion; so in the end plaintiffs here were given no more than the non-binding promises that were found insufficient in *McMenemy* to create a property interest.

Plaintiffs also point to *Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775 (2d Cir.1991), in which the Second Circuit extended procedural due process protection to a young doctor who, having successfully applied for admission to a residency program where applicants were expressly informed in writing that each resident accepted into the program would serve as Chief Resident at Harlem Hospital for four months during his or her third year in the program, was then denied that opportunity, allegedly without due process. But quite aside from the fact that the position of Chief Resident, unlike the supervisory positions here at issue, was not governed by the N.Y. Civil Service Law, the holding in *Ezekwo* was chiefly premised on the fact that the express "policies and practices" of the state hospital over a three-year period were not simply to guarantee that every resident would serve as Chief Resident but also to fulfill that guarantee in every case but plaintiff's. *Id.* at 782–83; *see Finley v. Giacobbe*, 79 F.3d 1285, 1297 (2d Cir.1996) (so construing *Ezekwo* ). In the instant case, by contrast, plaintiffs specifically allege that defendants' practice is *not* to promote to actual supervisory positions the "mid-level" employees similarly situated to plaintiffs; indeed, it is this adverse practice on which plaintiffs ground their Equal Protection claim, discussed *infra*. But the result, so far as plaintiffs' procedural due process claim is concerned, is to make any reliance on *Ezekwo* entirely misplaced.

Because, therefore, neither of plaintiffs' asserted grounds for recognizing a property interest in their promotion actually gives rise to a legally cognizable property interest under New York law, plaintiffs' procedural due process claim must be dismissed.

█ █ Plaintiffs' second federal claim is for denial of substantive due process.

"While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution," *Local 342 v. Town Bd. of Huntington*, 31 F.3d 1191, 1196 (2d Cir.1994) (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985) (Powell, J., concurring)), and are even then limited to the most fundamental rights, *see Bowers v. Hardwick*, 478 U.S. 186, 191–92, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986). Here, however, the only substantive right alleged is the hypothetical right to a promotion. Even assuming *arguendo* the existence of such a right, no one could seriously contend that it would qualify as a fundamental, constitutional right. *See generally Collins v. City of Harker Heights*, 503 U.S. 115, 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Cieslinski v. Cassino*, 78 F.Supp.2d 234, 237 (S.D.N.Y.1999). Accordingly, plaintiffs' substantive due process claim must also be dismissed.

█ Plaintiffs' final federal claim is a selective treatment claim under the Equal Protection clause of the Constitution, premised on the allegation that plaintiffs and other "mid-level" acting supervisors were refused actual promotions, while "high-level" acting supervisors were promptly promoted to the actual positions. In order to state such a selective treatment claim under the Equal Protection Clause, however, a plaintiff must allege that the selective treatment was based on "race, religion, or an intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person," *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir.2000), none of which is remotely alleged here. Indeed, if anything, the motive to which the complaint alludes is defendants' desire to save mon-

ey. *See* Compl. ¶¶ 14–19, 27–28. Accordingly, plaintiffs' selective treatment claim must also be dismissed.

Plaintiffs' federal claims having been dismissed, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, defendants' motion to dismiss is hereby granted and the complaint dismissed in its entirety, without prejudice to the state law claims being brought in state court. Clerk to enter judgment.

SO ORDERED.