■ In the Matter of MITCHELL SZIPCEK, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [737 NYS2d 600] —Order and judgment (one paper), Supreme Court, New York County (Stanley Sklar, J.), entered April 28, 2000, which granted respondent's motion to dismiss petitioner's application for failure to state a cause of action, unanimously affirmed, without costs.

The proceeding was properly dismissed on the ground that there is no merit to petitioner's claim that, having been reconsidered for the position of sergeant and promoted thereto, he is entitled to "make-whole relief" in the form of back pay and retroactive seniority. The only remedy for defects in the civil service appointment or promotion process is not retroactive appointment or promotion with an award of back pay but reconsideration for appointment or promotion after the defect in the process has been corrected (*Matter of Andriola v Ortiz*, 82 NY2d 320, 324-326, *cert denied sub nom. Andriola v Antinoro*, 511 US 1031; *Matter of Greco v Department of Personnel*, 226 AD2d 105). Nor can petitioner's equal protection claim succeed without an allegation that respondent's failure to afford him the interview that was allegedly afforded eligibles who, like him, were initially passed over for promotion, was "deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification" (*Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693; *see also, Snowden v Hughes*, 321 US 1, 8; *Kalikow 78/79 Co. v State of New York*, 174 AD2d 7, 12-13). Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.