In the Matter of RANDALL KNIGHT, Appellant, v COUNTY OF NASSAU et al., Respondents. [811 NYS2d 115]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the County of Nassau, the Nassau County Civil Service Commission, and the Nassau County Police Department to appoint the petitioner to the position of police officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (LaMarca, J.), entered August 23, 2004, which granted the respondents' pre-answer

motion to dismiss the petition as untimely and for failure to state a cause of action, and thereupon dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In 1983 the petitioner took and passed civil service examination No. 7247 for the position of police officer with the Nassau County Police Department. The petitioner was placed on eligible list 7247, which expired on November 22, 1987. Subsequently, the petitioner joined a class action discrimination lawsuit. A settlement was reached in the class action, hiring guidelines were imposed, and the last appointments from eligible list 7247 occurred on August 15, 1997. The petitioner's name was never reached for appointment.

In 1994 the petitioner took examination No. 4200 for the position of police officer with the Nassau County Police Department. The petitioner's name thereafter appeared as a candidate on eligible list 4200. Eligible list 4200 expired on March 31, 2004 and the petitioner's name was not reached for appointment.

The petitioner commenced a CPLR article 78 proceeding, inter alia, to compel the County of Nassau, the Nassau County Civil Service Commission, and the Nassau County Police Department (hereinafter collectively the respondents) to appoint him to the position of police officer. The Supreme Court granted the pre-answer motion of the respondents to dismiss the proceeding on the grounds that the petition failed to state a cause of action, and that the petitioner's claim regarding the denial of his appointment from eligible list 7247 was untimely. We affirm.

Contrary to the petitioner's contention, his allegations of bad faith, arbitrariness, and racial discrimination were wholly conclusory and unsupported by any factual contentions (*see Matter of Deas v Levitt*, 73 NY2d 525 [1989], *cert denied* 493 US 933 [1989]; *Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle*, 37 NY2d 526 [1975]; *Matter of D'Amico v Leonard*, 64 AD2d 626 [1978]; *Matter of Redman v New York City Tr. Auth.*, 14 AD2d 911 [1961]).

The continuous violation doctrine is not applicable to toll the statute of limitations with respect to the petitioner's nonappointment from eligible list 7247 (*see National Railroad Passenger Corporation v Morgan*, 536 US 101, 105, 110-117 [2002]).

In light of our determination, we need not reach the petitioner's remaining contention. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.