■ In the Matter of GILBERTO S. GOMEZ, Appellant, v NEIL HERNANDEZ, as Commissioner of the New York City Department of Juvenile Justice, et al., Respondents. [858 NYS2d 8]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered June 7, 2007, which denied the petition seeking to annul a determination by the Department of Juvenile Justice denying promotion to the permanent position of associate juvenile counselor (AJC), unanimously affirmed, without costs.

A person whose name appears on a list of eligible candidates does not have a vested right to appointment (see Matter of Andriola v Ortiz, 82 NY2d 320, 324 [1993], cert denied 511 US 1031 [1994]). Examination scores are not the sole determinant of fitness, as "the appointing authority must be cloaked with the power to choose a qualified appointee who possesses all the attributes necessary for the responsible performance of his duties" (Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle, 37 NY2d 526, 529 [1975]). Administrative actions taken arbitrarily or in bad faith will, of course, not be tolerated, but the petitioner in such circumstances bears a heavy burden of proof (see Matter of Aladin v Schultz, 176 AD2d 205, 206 [1991]), for which conclusory allegations and speculative assertions will not suffice (see Matter of Knight v County of Nassau, 27 AD3d 470 [2006], lv denied 7 NY3d 712 [2006]).

The failure to provide particular reasons for an appointing official's exercise of discretion in declining to appoint a specific candidate is not evidence of arbitrariness or capriciousness (Matter of Delicati v Schechter, 3 AD2d 19 [1956]; see also Mat-

*ter of Kaminsky v Leary*, 33 AD2d 552 [1969], *affd* 28 NY2d 959 [1971]). Even candidates such as petitioner, who has a very good service record, can be denied promotions provided appropriate discretion is used within the confines of the "one-of-three" rule in Civil Service Law § 61 (*see Matter of Archer v Riccio*, 201 AD2d 395 [1994]).

Applying these standards, respondent's determination not to appoint petitioner permanently to the title of AJC was neither arbitrary, capricious, nor an abuse of discretion, and cannot be invalidated as contrary to the merit and fitness requirements of the State Constitution (*id.* at 397). Petitioner's challenge is, in essence, simply a statement of incredulity that despite his "very good" performance evaluations and being number seven on the certified list, he was passed over for the permanent promotion.

A provisional appointment may ripen into a permanent appointment pursuant to Civil Service Law § 65 (4) (*see Matter of Becker v New York State Civ. Serv. Commn.*, 61 NY2d 252 [1984]), but this petitioner was not entitled to a permanent position as an AJC by operation of law. His contention that the record was insufficient to determine whether the list was adequate to fill all the positions held on a probationary basis is belied by respondents' submissions demonstrating that all available positions had been filled, that the eligible list remained unexhausted, and that after the appointments were made from the list, no provisional appointees remained in the position of AJC. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ. [*See* 2007 NY Slip Op 31356(U).]