■ In the Matter of JAMES P. CASHIN et al., Appellants, v SALVATORE J. CASSANO, as Fire Commissioner of the Fire Department of the City of New York, et al., Respondents. [10 NYS3d 636]—

In a proceeding pursuant to CPLR article 78 to review determinations of Salvatore J. Cassano, as Fire Commissioner of the Fire Department of the City of New York, declining to promote the petitioners to the rank of fire marshal, the petitioners appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), dated December 3, 2013, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners commenced this CPLR article 78 proceeding after they were considered, but not selected, for promotion from a list of eligible candidates for the position of fire marshal.

The petitioners alleged, inter alia, that the respondents' determinations were arbitrary and capricious insofar as they were based not on merit, but rather upon the fact that their names also appeared on an eligible list for promotion to the position of lieutenant. Further, the petitioners alleged that the appointments that were made to the position of fire marshal were effected in violation of Civil Service Law § 61 (1), which requires that such appointees be selected from one of three highest persons on the relevant eligible list, and in violation of article V, § 6 of the New York Constitution, which requires that such appointments be made according to merit and fitness to be ascertained, as far as practicable, by examination. The Supreme Court denied the petition and dismissed the proceeding.

Our review of an agency determination that was not made after a quasi-judicial hearing is limited to consideration of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 98 AD3d 668, 670 [2012]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]). In demonstrating that administrative actions were taken arbitrarily or in bad faith, the petitioner bears a heavy burden of proof, for which conclusory allegations and speculative assertions will not suffice (*see Matter of Knight v County of Nassau*, 27 AD3d 470, 471 [2006]).

"A person whose name appears on a list of eligible candidates does not have a vested right to appointment" (*Matter of Gomez v Hernandez*, 50 AD3d 404, 404 [2008]; *see Matter of Andriola v Ortiz*, 82 NY2d 320, 324 [1993]; *Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle*, 37 NY2d 526, 529 [1975]). "Examination scores are not the sole determinant of fitness, as 'the appointing authority must be cloaked with the power to choose a qualified appointee who possesses all the attributes necessary for the responsible performance of his [or her] duties' " (*Matter of Gomez v Hernandez*, 50 AD3d at 404,

quoting *Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle*, 37 NY2d at 529; *see Matter of Andriola v Ortiz*, 82 NY2d at 324; *see also Matter of Delicati v Schechter*, 3 AD2d 19, 21 [1956]). Here, the respondents had a rational basis for the determinations not to appoint the petitioners to the rank of fire marshal. Insofar as relevant here, the determinations were neither arbitrary and capricious nor an abuse of discretion under Civil Service Law § 61 (1), and were not contrary to the merit and fitness requirements of the New York Constitution (*see* NY Const, art V, § 6).

Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.