In a hybrid action for a judgment, in effect, declaring that a certain negative declaration issued pursuant to the State Environmental Quality Review Act (ECL art 8) remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f), and to recover damages pursuant to 42 USC § 1983, and proceeding pursuant to CPLR article 78 to review determinations of the defendant/respondent dated March 21, 2012, and April 18, 2012, inter alia, rejecting, as incomplete, the application of the plaintiffs/petitioners for preliminary plat approval, the defendant/respondent appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated March 12, 2013, as *869 denied those branches of its motion which were pursuant to CPLR 3211 (a) and 7804 (f) to dismiss so much of the action/ proceeding as sought a judgment declaring that the negative declaration remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f) and review of its determinations dated March 21, 2012, and April 18, 2012, and granted those branches of the plaintiffs/petitioners’ cross motion which were for summary judgment annulling the determinations dated March 21, 2012, and April 18, 2012, and for a judgment declaring, in effect, that the negative declaration remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f).
Ordered that the notice of appeal from so much of the order as denied those branches of the defendant/respondent’s motion which were pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the causes of action asserted, in effect, pursuant to CPLR article 78, and granted those branches of the plaintiffs/ petitioners’ cross motion which were for summary judgment on those causes of action, is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant/ respondent’s motion which was pursuant to CPLR 3211 (a) and 7804 (f) to dismiss, as time-barred, so much of the action/ proceeding as sought to review its determination dated March 21, 2012, and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof granting that branch of the plaintiff/petitioners’ cross motion which was for summary judgment annulling that determination, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that a negative declaration issued pursuant to the State Environmental Quality Review Act to the plaintiffs/petitioners E. Deane Leonard and Steven Habiague by the Planning Board of the Town of Union Vale, in 1987, remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f).
In 1987, in connection with a proposal to subdivide a 950-acre parcel of real property then owned by the plaintiffs/ petitioners E. Deane Leonard and Steven Habiague in the Town of Union Vale, the Planning Board of the Town of Union Vale (hereinafter the Planning Board) issued a negative declaration *870 pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). Those plaintiffs/petitioners thereafter sought and received approval from the Planning Board to subdivide a portion of the property, which was developed. In 2012, Habiague, Leonard, and the plaintiff/ petitioner Robert O. Dryfoos, to whom a portion of the property had been sold, applied for preliminary plat approval to subdivide the remainder of the parcel, deemed the East Mountain North subdivision. The 2012 preliminary plat application relied upon the 1987 negative declaration.
On March 21, 2012, the Planning Board adopted a resolution rejecting the preliminary plat application on the ground that it did not include all of the required information. On April 18, 2012, after the plaintiffs/petitioners had supplemented their application, the Planning Board adopted a resolution again rejecting the application as incomplete. The Planning Board based its rejection of the application upon its determination that the 1987 negative declaration was not operative with respect to the instant application, which the Planning Board found to be a new action requiring SEQRA review.
The plaintiffs/petitioners then commenced this hybrid action/ proceeding seeking, inter alia, review of the March 21, 2012, and April 18, 2012 resolutions, and a judgment, in effect, declaring that the 1987 negative declaration remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f). The Planning Board moved pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the complaint/petition, and the plaintiffs/petitioners cross-moved for summary judgment, inter alia, on so much of the complaint/petition as sought review of the two resolutions and the aforementioned declaration. The Supreme Court denied the Planning Board’s motion and granted those branches of the plaintiffs/petitioners’ cross motion.
The Supreme Court erred in denying that branch of the Planning Board’s motion which was to dismiss, as time-barred, so much of the complaint/petition as sought review of the March 21, 2012, resolution. Under Town Law § 282, a party seeking review of a decision of a planning board concerning a plat is required to commence a CPLR article 78 proceeding “within thirty days after the filing of the decision in the office of the town clerk.” “Section 282 refers to judicial review of ‘any decision of the planning board’ ” concerning a plat (Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 78 NY2d 608, 613 [1991] [emphasis omitted], quoting Town Law § 282). Here, since the plaintiffs/petitioners sought review *871 of the March 21, 2012 resolution concerning their preliminary plat application, which resolution was filed with the office of the Town Clerk on March 26, 2012, so much of the action/ proceeding, commenced in May 2012, as sought review of that resolution is time-barred (see Town Law § 282; see also Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 802-803 [2011]).
Contrary to the Planning Board’s contention, under the circumstances of this case, the Supreme Court did not err in reaching the merits of so much of the complaint/petition as sought review of the April 18, 2012 resolution and for a declaratory judgment, without giving the Planning Board an opportunity to answer the second amended complaint/petition. The dispositive facts relevant to the limited issue presented in this action/proceeding were undisputed and the arguments of the parties with respect to the merits of that issue were fully set forth in the motion papers (see Matter of S & R Dev. Estates, LLC v Feiner, 112 AD3d 945, 947 [2013]; Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 98 AD3d 1049 [2012]; see generally Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]).
“[R] eview of an agency determination that was not made after a quasi-judicial hearing is limited to consideration of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion” (Matter of Drumm v Cassano, 129 AD3d 957, 958 [2015]; see CPLR 7803 [3]). Here, as the Supreme Court correctly concluded, the Planning Board’s determination in the April 18, 2012, resolution that the application regarding the East Mountain North subdivision constituted a new action, requiring de novo SEQRA review, was arbitrary and capricious. The Planning Board’s determination was based on faulty premises, among which was the erroneous legal conclusion that the 1987 negative declaration had expired. Additionally, although there were certain changes made to the East Mountain North project from when the subdivision was first proposed in 1987, those changes did not support the Planning Board’s conclusion that the East Mountain North subdivision is now a new action under SEQRA (see 6 NYCRR 617.2 [b]; Matter of Monteiro v Town of Colonie, 158 AD2d 246, 250 [1990]).
Nevertheless, the fact that the East Mountain North subdivision is not a new action under SEQRA does not fully resolve the matter. Instead, in light of, among other things, the changes to the project, the Planning Board has the responsibil *872 ity to assess whether the 1987 negative declaration should be amended (see 6 NYCRR 617.7 [e] [1]) or “must” be rescinded (6 NYCRR 617.7 [¶] [1]) under the standards set forth in 6 NYCRR 617.7 (e) and (f) (cf. Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 228-230 [2007]; Boyles v Town Bd. of Town of Bethlehem, 278 AD2d 688, 691 [2000]; Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency, 164 AD2d 469, 473 [1990]). The provisions of 6 NYCRR 617.7 (e) and (f) specifically authorize an agency to take into account changes in projects, new information, and changed circumstances affecting a project.
The Planning Board erroneously concluded that the amendment and recission provisions were, by their terms, inapplicable. Rescission and amendment are authorized “[a]t any time prior to [the lead agency’s] decision to . . . approve an action” (6 NYCRR 617.7 [e], [f]). Here, the Planning Board has never given final approval for subdivision of the entire parcel or for subdivision of the portion of the parcel the plaintiffs/petitioners now seek to develop. Accordingly, contrary to its conclusion otherwise, the Planning Board is still authorized to assess possible adverse environmental impacts with respect to the proposed East Mountain North subdivision pursuant to 6 NYCRR 617.7 (e) and (f).
The Planning Board’s remaining contentions are without merit.
Accordingly, the Supreme Court correctly granted that branch of the plaintiffs/petitioners’ cross motion which was for summary judgment annulling the April 18, 2012 resolution determining that the subject preliminary plat application was incomplete because the 1987 negative declaration was not valid with respect to East Mountain North and new SEQRA review was required. Further, the court properly concluded that the Planning Board was required to consider the plaintiffs/ petitioners’ preliminary plat application on the basis of the 1987 negative declaration, unless it decides to amend or rescind the negative declaration pursuant to 6 NYCRR 617.7 (e) or (f).
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that a negative declaration issued pursuant to SEQRA to the plaintiffs E. Deane Leonard and Steven Habiague by the Planning Board of the Town of Union Vale, in 1987, remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f).
Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.