## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 1, 2016              522628
_____

In the Matter of MICHAL
    STALEY et al.,
                    Appellants,

        v
                                        MEMORANDUM AND ORDER
NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:  October 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

Lippes Mathias Wexler Friedman LLP, Albany (William F. Sheehan of counsel), for appellants.

Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondents.

_____

Clark, J.

Appeal from a judgment of the Supreme Court (Platkin, J.), entered May 27, 2015 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner Michal Staley a promotion to the position of correction sergeant.

In 1997, petitioner Michal Staley began his employment with respondent Department of Corrections and Community Supervision (hereinafter DOCCS) as a correction officer and, in 2006, was promoted to the position of correction sergeant.  In January

2013, while Staley was assigned to the Coxsackie Correctional Facility, DOCCS issued Staley a notice of discipline charging him with making inappropriate sexual advances toward a female subordinate in violation of certain provisions of DOCCS's employee manual, as well as DOCCS Directive No. 2605, entitled "Sexual Harassment in the Work Place," and proposed a penalty of dismissal from service and loss of any accrued annual leave. In accordance with the governing collective bargaining agreement, petitioner New York State Correctional Officers and Police Benevolent Association, Inc. (hereinafter NYSCOPBA) filed a grievance on behalf of Staley challenging the notice of discipline. DOCCS suspended Staley without pay pending the resolution of the disciplinary grievance.

Before the matter proceeded to arbitration, the parties reached a settlement agreement in full satisfaction of the notice of discipline. Under the terms of the agreement, Staley, among other things, accepted a demotion to the position of correction officer upon his return to work on February 27, 2012 and agreed to serve a 12-month disciplinary evaluation period. The agreement further provided, upon NYSCOPBA's and Staley's insistence, that "[t]he acceptance of demotion to [c]orrection [o]fficer in no way prohibits . . . Staley to take future promotional examinations."

In October 2013, Staley took the promotional examination for correction sergeant and received a score of 95, placing him forty ninth out of 3,731 candidates on the eligible list. In August 2014, DOCCS promoted a group of candidates – not including Staley – to the correction sergeant position, most of which ranked lower than Staley on the eligible list. Shortly thereafter, DOCCS made another round of promotional appointments to the position of correction sergeant, again bypassing Staley. NYSCOPBA subsequently inquired as to why Staley had been passed over for a promotion, and, according to petitioners, the Personnel Director of DOCCS indicated that Staley would never be promoted and that he would be seeking Staley's removal from the

eligible list.[1]  Petitioners subsequently commenced this CPLR article 78 proceeding alleging that respondents' failure and refusal to promote Staley to the position of correction sergeant violated the settlement agreement and was also arbitrary and capricious.  Following joinder of issue, Supreme Court dismissed the petition, concluding that the settlement agreement did not include an express or implied promise to appoint Staley to the position of correction sergeant if he became reachable on the eligible list and that DOCCS's determination to bypass Staley in an exercise of its discretionary appointive authority was not arbitrary or capricious or affected by an error of law. Petitioners appeal, and we affirm.

Petitioners argue that a fair interpretation of the settlement agreement includes DOCCS's implied promise to waive its statutory discretion under the "one-of-three" rule embodied in Civil Service Law § 61 (1) and promote Staley to the position of correction sergeant if he became reachable on a future eligible list.  Civil Service Law § 61 (1) provides that "[a]ppointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion."  In recognition that "examination success cannot reveal any possible defects of personality, character or disposition which may impair the performance of one's duties in a civil service position," the "one-of-three" rule affords an appointing authority with the discretion to individually consider each candidate and decline to promote the highest scoring candidate on an eligible list, so long as it appoints one of the three top scoring candidates (Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 375 [1997]; see Matter of Gomez v Hernandez, 50 AD3d 404, 404 [2008]).

---

[1]  The Department of Civil Service ultimately denied the request of the Personnel Director of DOCCS to remove Staley from the eligible list.

While an appointing authority is generally not prohibited from voluntarily surrendering the discretion afforded to it by Civil Service Law § 61 (1) (see Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d at 376; Matter of Lucas [City of Buffalo], 93 AD3d 1160, 1163 [2012]), the settlement agreement, which states that Staley is "in no way prohibit[ed from] tak[ing] future promotional examinations," does not expressly surrender such discretion.  In assessing whether DOCCS impliedly surrendered its statutory discretion, we are mindful that, "in implying a promise[,] a court should act prudently and that 'a promise can be implied only where we may rightfully assume that it would have been made if attention had been drawn to it'" (Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d 455, 462 [1977], quoting Genet v Delaware & Hudson Canal Co., 136 NY 593, 609 [1893]; see Maas v Cornell Univ., 94 NY2d 87, 94 [1999]).

In support of their position that DOCCS impliedly promised to waive its discretion under Civil Service Law § 61 (1) and promote Staley once he became reachable on a promotional list, petitioners submitted the affidavit of the Mid-Hudson Region Vice President of NYSCOPBA, who stated that it was DOCCS's "practice . . . to make appointments from the eligible list in strict numerical order, without exercising the one-[of]-three rule to pass over certain individuals on the list" and that, although Staley's actual appointment to correction sergeant if he was reachable on a promotional list was not discussed during the negotiation of the settlement agreement, he did not believe that such a discussion was necessary given DOCCS's longstanding appointment practices.  He also stated that it was both his and Staley's understanding that Staley would not be passed over for a promotion under the "one-of-three" rule.  Similarly, another NYSCOPBA official stated that it was DOCCS's practice to make appointments "straight down the list in numerical order" and that it was "extremely rare" for DOCCS to deviate from that practice.

In addition, both NYSCOPBA officials indicated that Staley had a right to take promotional examinations even without the inclusion of language to that effect in the agreement and that the disputed provision in the agreement only had meaning if it was interpreted as a promise to appoint Staley to the position of

correction sergeant once he was reachable on the eligible list. Petitioners further submitted email correspondence in which an employee in DOCCS's Bureau of Labor Relations stated that DOCCS "ha[d] no intention of stopping [Staley] from taking future promotion exams" and therefore would acquiesce to Staley's demand that the agreement include language stating that he "not be prevented from taking future promotional exams for [s]ergeant." As properly concluded by Supreme Court, the foregoing submissions, considered along with affidavits of DOCCS employees stating that DOCCS did not waive or limit its discretionary appointive authority, do not demonstrate that DOCCS manifested an intention to surrender its appointment discretion under Civil Service Law § 61 (1) with respect to Staley and appoint him once he became reachable on the promotional list (see Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d at 461-462; Gertler v Goodgold, 107 AD2d 481, 485 [1985], affd 66 NY2d 946 [1985]). Accordingly, DOCCS's refusal to promote Staley to the position of correction sergeant did not violate the settlement agreement.

Turning to DOCCS's determination not to promote Staley, DOCCS's Director of Personnel asserted that DOCCS departed from its usual practice of making appointments "in score and seniority order off the promotion-eligibility list," which departure does not in and of itself render DOCCS's determination arbitrary and capricious (see Matter of Andriola v Ortiz, 82 NY2d 320, 324 [1993], cert denied 511 US 1031 [1994]), given Staley's recent substantiated disciplinary charge of sexual harassment and the agency's policy of considering such misconduct in making promotional appointments so as to advance the goals of the Prison Rape Elimination Act (see 42 USC § 15601 et seq.). Considering this explanation, DOCCS's determination to exercise its discretion under Civil Service Law § 61 (1) and bypass Staley when it made its promotional appointments was not an abuse of discretion, arbitrary and capricious or affected by an error of law (see CPLR 7803 [3]; Matter of Gomez v Hernandez, 50 AD3d at 404-405).

To the extent that any of petitioners' arguments have not been expressly discussed herein, they have been examined and found to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court