■ In the Matter of PETER ENGLAND, Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [56 NYS3d 129]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent New York City Department of Environmental Protection denying appointment of the petitioner to the position of Watershed Maintainer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (D. Hart, J.), entered March 3, 2015, which, in effect, granted the respondents' cross motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition for failure to state a cause of action and denied the petition, and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In 2013, the petitioner completed and passed a civil service exam for the position of Watershed Maintainer with the respondent New York City Department of Environmental Protection (hereinafter the Department). The petitioner applied to be considered for an appointment to the position and was placed on an eligible list of candidates by the New York City Department of Citywide Administrative Services. The petitioner was subsequently considered for but not selected for three separate vacancies for the position of Watershed Maintainer and was thereby rendered ineligible for further certification or appointment from the civil service list established for the Department.

The petitioner then commenced this CPLR article 78 proceeding against the Department and the City of New York (hereinafter together the respondents) seeking, inter alia, to annul the determination of the Department denying his appointment to the position of Watershed Maintainer. The respondents then cross-moved pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition. The Supreme Court, in effect, granted the cross motion and denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.

On a motion pursuant to CPLR 3211 (a) (7) and 7804 (f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible favorable inference (*see Matter of Johnson v County of Orange*, 138 AD3d 850, 850-851 [2016]; *Matter of Schlemme v Planning Bd. of City of Poughkeepsie*, 118 AD3d 893, 895 [2014]; *Matter of Brown v Foster*, 73 AD3d 917, 918 [2010]). However, bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference (*see e.g. Doria v Masucci*, 230 AD2d 764, 765 [1996]). Applying these principles here (*see Matter of Johnson v County of Orange*, 138 AD3d at 850-851; *Matter of Brown v Foster*, 73 AD3d at 918), the Supreme Court properly, in effect, granted the respondents' cross motion to dismiss the petition because it fails to state a discrimination claim and offers no more than speculation and bare legal conclusions without any factual support (*see Matter of Knight v County of Nassau*, 27 AD3d 470, 471 [2006]; *see also Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [2013]).

The petitioner's allegations that the Department refused to hire him because of his prior arrest history are unsupported by any factual contentions (*see Matter of Knight v County of Nassau*, 27 AD3d at 471; *see e.g. Matter of Drumm v Cassano*, 129 AD3d 957, 958 [2015]). The allegations amount to mere legal

conclusions, and are insufficient to state a claim (*see Askin v Department of Educ. of the City of N.Y.*, 110 AD3d at 622). Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.