Johnson v Department of Educ. of City of N.Y. (2018 NY Slip Op 01179)





Johnson v Department of Educ. of City of N.Y.


2018 NY Slip Op 01179


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-07048
 (Index No. 502819/12)

[*1]Linda C. Johnson, appellant, 
v
Department of Education of City of New York, et al., respondents.


Stewart Lee Karlin Law Group, P.C., New York, NY (Daniel E. Dugan of counsel),
for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of age and unlawful retaliation in violation of Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated May 6, 2016, which granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
After receiving an annual rating of unsatisfactory for the 2011-2012 academic year, the plaintiff, a tenured teacher at Boys and Girls High School, filed a notice of claim on or about July 20, 2012, alleging employment discrimination on the basis of age in violation of Administrative Code of the City of New York § 8-107. In September 2012, she commenced this action to recover damages for age discrimination and unlawful retaliation for taking legal action. The plaintiff alleged that the defendants "harassed [her] in an effort to force her to resign" by bringing false allegations of misconduct against her, performing biased evaluations, failing to offer her remediation, and engaging in disparate treatment in class assignments and treatment of supply requests. She sought back pay, damages for pain and suffering and damage to reputation, and attorney's fees and costs.
On October 12, 2012, the defendant Department of Education of City of New York filed disciplinary charges against the plaintiff, alleging, inter alia, lateness, absenteeism, failure to prepare lesson plans, and verbal abuse and corporal punishment of students. In May, June, and July of 2013, a hearing pursuant to Education Law § 3020-a was held on those charges before the New York State Education Department. At the hearing, the plaintiff argued that the main reason the charges were brought against her was "personality," in that the administration did not like her "for personal reasons," and that the administration failed to offer her remediation because it did not want "to deal with her." In a determination dated December 20, 2013, the Hearing Officer sustained most of the specifications, and the plaintiff's employment was terminated. The Hearing Officer found that there was no evidence that certain members of the administration treated the plaintiff unfairly, or that she was "targeted or discriminated against because of her personality or for any other reason." The Hearing Officer further found that, although the administration's limited offers of remediation "could be faulted," the plaintiff was "openly hostile to remediation efforts or criticism from her [*2]supervisors," which would explain the administration's failure to offer more help.
By notice of motion dated January 8, 2015, the defendants moved to dismiss the complaint in this action, among other things, as barred by the doctrine of collateral estoppel and for failure to state a cause of action (see CPLR 3211[a][5], [7]). In the order appealed from, the Supreme Court granted the defendants' motion to dismiss, noting that "there is no connection between any discrimination or retaliation and [the plaintiff's] termination."
The findings of a hearing officer after a hearing pursuant to Education Law § 3020-a are entitled to collateral estoppel effect (see Matter of Czosek [Cheektowaga-Sloan Union Free School Dist.—Commissioner of Labor], 71 AD3d 1359, 1360; Burkybile v Board of Educ. of Hastings-on-Hudson Union Free School Dist., 411 F3d 306, 311-312 [2d Cir]). In this context, collateral estoppel applies if " (1) the issue sought to be precluded is identical to a material issue necessarily decided by the administrative agency in a prior proceeding; and (2) there was a full and fair opportunity to contest this issue in the administrative tribunal'" (Chiara v Town of New Castle, 61 AD3d 915, 916, quoting Jeffreys v Griffin, 1 NY3d 34, 39).
A termination of employment for cause does not necessarily preclude the possibility of termination motivated by unlawful animus, since a jury could find that the plaintiff's employment was terminated for discriminatory reasons, even if there were legitimate reasons for terminating employment (see Leon v New York City Dept. of Educ., 612 Fed Appx 632, 635 [2d Cir]; Senno v Elmsford Union Free Sch. Dist., 812 F Supp 2d 454, 472 [SD NY]). Since the New York City Human Rights Law (Administrative Code § 8-107) must be construed broadly, unlawful discrimination must play no role in an employment decision (see Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1161; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40; Williams v New York City Hous. Auth., 61 AD3d 62, 78 n 27). Where mixed motives are alleged, the plaintiff need only demonstrate that discrimination was one of the motivating factors for the defendants' conduct (see Williams v New York City Hous. Auth., 61 AD3d at 78 n 27). Thus, even where the reason for termination is legitimate, the plaintiff may state a cause of action based upon allegations of disparate treatment (see Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158), or allegations that the proffered explanation for the termination of the plaintiff's employment was pretextual (see Bull v Metropolitan Jewish Health Inc., 152 AD3d 639).
The determination of the New York State Department of Education established that the reasons for the termination of the plaintiff's employment were not pretextual, and that the termination was not motivated by age discrimination. The Hearing Officer further found that there was no evidence that the plaintiff "was targeted or discriminated against because of her personality or for any other reason." Moreover, the question of why the plaintiff was not offered more remediation efforts was considered by the Hearing Officer, who attributed the reason to the plaintiff's resistance to such efforts. These findings are entitled to collateral estoppel effect and, therefore, the Supreme Court properly directed the dismissal of so much of the complaint as alleged employment discrimination on the basis of age.
Further, the plaintiff's allegations of retaliation and disparate treatment were conclusory in nature and, therefore, insufficient to state a cause of action (see Matter of England v New York City Dept. of Envtl. Protection, 150 AD3d 996, 997; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622).
Accordingly, the defendants' motion to dismiss the complaint was properly granted.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court