Matter of Hope Day Care, LLC v New York State Off. of Children & Family Servs. Div. of Child Care Servs. (2018 NY Slip Op 04471)





Matter of Hope Day Care, LLC v New York State Off. of Children & Family Servs. Div. of Child Care Servs.


2018 NY Slip Op 04471


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


681 CA 18-00142

[*1]IN THE MATTER OF HOPE DAY CARE, LLC, THERESA GILES, MANAGER, HOPE DAY CARE, LLC , AND TIARA LOVE, DIRECTOR, HOPE DAY CARE, LLC, PETITIONERS-APPELLANTS,
v
NEW YORK STATE OFFICE OF CHILDREN & FAMILY SERVICES DIVISION OF CHILD CARE SERVICES, RESPONDENT-RESPONDENT. 






COHEN COMPAGNI BECKMAN APPLER & KNOLL, PLLC, SYRACUSE (LAURA L. SPRING OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 28, 2017 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated, the determination is confirmed without costs and the petition is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul respondent's determination revoking their license to operate a daycare center. We note at the outset that Supreme Court should have transferred the entire proceeding to this Court because the petition raises a substantial evidence question and petitioners' remaining contentions do not constitute "objections that could have terminated the proceeding within the meaning of CPLR 7804 (g)" (Matter of Quintana v City of Buffalo, 114 AD3d 1222, 1223 [4th Dept 2014], lv denied 23 NY3d 902 [2014]). We therefore vacate the judgment (see Matter of Hoch v New York State Dept. of Health, 1 AD3d 994, 994-995 [4th Dept 2003]), and "because the record is now before us, we will treat the proceeding as if it had been properly transferred here in its entirety' . . . and review [petitioners'] contentions de novo" (Quintana, 114 AD3d at 1223).
Contrary to petitioners' contention, the determination is supported by substantial evidence (see Matter of Briggs v New York State Off. of Children & Family Servs., 142 AD3d 1284, 1284-1285 [4th Dept 2016]; Matter of Gates of Goodness & Mercy v Johnson, 49 AD3d 1295, 1295 [4th Dept 2008]). The evidence at the fair hearing established that petitioners allowed their liability insurance to lapse for a year and a half, which is a clear violation of 18 NYCRR 418-1.15 (c) (28). Additionally, the evidence established that petitioners violated regulations by placing a 27-month-old child in the same classroom with infants who were less than 18 months old (see 18 NYCRR 418-1.8 [l] [7]), placing children under three years of age in classrooms with children of mixed age groups (see 18 NYCRR 418-1.8 [l] [8]), and seating a child in a high chair with a loose safety strap (see 18 NYCRR 418-1.5 [ab] [2]).
We further conclude that the penalty is not " so disproportionate to the offenses as to be shocking to one's sense of fairness' " (Matter of Kelly v Safir, 96 NY2d 31, 38 [2001], rearg denied 96 NY2d 854 [2001]; see Matter of Fundergurg v New York State Off. of Children & Family Servs., 148 AD3d 1667, 1668 [4th Dept 2017]). Here, the four regulatory violations, especially the lapse of insurance coverage, "exposed the child[ren] to a significant risk of harm" (Briggs, 142 AD3d at 1284), and we perceive no error in respondent also considering petitioners' [*2]prior history of approximately 160 regulatory violations inasmuch as those violations were raised in the administrative proceedings (cf. Matter of Lewis v New York State Off. of Children & Family Servs., 114 AD3d 1065, 1067 [3d Dept 2014]).
Finally, we reject petitioners' contention that respondent's failure to conduct follow-up visits after the final inspection renders the determination arbitrary and capricious. While an agency's failure to comply with its own rules and regulations has been determined to be arbitrary and capricious (see Matter of Church v Wing, 229 AD2d 1019, 1020 [4th Dept 1996]; see also St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y., 247 AD2d 136, 155 [4th Dept 1998], lv denied 93 NY2d 803 [1999]), its failure to comply with an informal practice will be deemed arbitrary only if the departure is substantial and without explanation (see Matter of Brusco v State of New York Div. of Hous. & Community Renewal, 239 AD2d 210, 212 [1st Dept 1997]). Here, it is undisputed that respondent had no rules or regulations requiring follow-up visits after inspections to determine whether the regulatory violations had been cured. To the extent that it had such an informal policy, it was reasonable for respondent to follow-up by telephone to determine whether petitioners had obtained liability insurance because that determination did not require personal observation. With respect to the remaining regulatory violations, the record establishes that some of those violations were repeat violations, and therefore the fact that they may have been cured was insufficient to establish that petitioners would cease harmful practices. Thus, petitioners failed to demonstrate that respondent acted irrationally in departing from its practice of conducting follow-up visits under the circumstances (see generally Matter of Staley v New York State Dept. of Corr. & Community
Supervision, 145 AD3d 1160, 1163 [3d Dept 2016]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court