Matter of Palomino v City of New York (2023 NY Slip Op 02831)

Matter of Palomino v City of New York

2023 NY Slip Op 02831

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 

Index No. 152959/21 Appeal No. 321 Case No. 2022-01329 

[*1]In the Matter of Nicholas Palomino, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.

Gilbert Law Group, Melville (Alexander R. Gilbert of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kevin Osowski of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 5, 2022, denying the petition challenging respondent New York City Police Department's (NYPD), determination, dated December 1, 2020, which denied appointment of petitioner as a probationary police officer, granting respondents' motion to dismiss the petition for failure to state a cause of action, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner fails to allege any facts suggesting that respondent NYPD's determination was arbitrary and capricious (see generally Matter of Delicati v Schechter, 3 AD2d 19 [1st Dept 1956]). Petitioner's passage of the civil service exam and other qualifications did not entitle him to appointment. "Even [well-qualified] candidates such as petitioner . . . can be denied [appointment] provided appropriate discretion is used within the confines of the 'one-of-three' rule in Civil Service Law § 61" (Matter of Gomez v Hernandez, 50 AD3d 404, 405 [1st Dept 2008]). Contrary to petitioner's contention, it is not arbitrary and capricious for an agency to provide no reason for an appointing official's exercise of discretion in declining to appoint a specific candidate (see id. at 404; Delicati, 3 AD2d at 24-25). Petitioner's allegations of delays and irregularities in the selection process do not meet his "heavy burden of proof, for which conclusory allegations and speculative assertions will not suffice" (Gomez, 50 AD3d at 404 [internal citations omitted]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023